## Commonwealth of Pennsylvania *v.* Heller, Appellant.

Argued April 9, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*William H. Gerlach,* for appellant.

*Ben R. Jones, Jr.,* Assistant District Attorney, and with him *Thomas M. Lewis,* District Attorney, and *Frank J. Williams,* Assistant District Attorney, for appellee.

OPINION BY TREXLER, P. J., July 13, 1934:

The defendant, Arthur Heller, was indicted on the charge of fornication committed with one Edna Beishline and of being the father of her bastard child. He was found guilty and sentence imposed. He has appealed and assigned the following errors:

First, the court, it is averred, denied him the privi-

lege of interrogating jurors before a peremptory challenge was made. The only record to sustain this assignment is:

"Now, 10:18 a. m., jury sworn.

Mr. Gerlach:

I make a motion that a juror be withdrawn on the ground that it is error to deny counsel for defendant the privilege of interrogating jurors before a peremptory challenge was made.

The Court:

Overruled."

It will be observed that no exception to the ruling of the court was taken. There are allegations in the argument of counsel that the court was asked to augment the record, but nothing was brought into the case to show that this was done. We need not cite any authority in support of the ruling that the court will not consider an objection to the failure to allow testimony to be introduced where no exception is taken to the ruling.

Second, the court excluded testimony offered by the Commonwealth to show intimacy existing between the prosecutrix and the defendant by introducing conversations which were held in their presence and made comment, "You have got them in company with each other what difference what was said there." The district attorney very improperly then said, "Well they called her Mrs. Heller that night." Counsel for the defendant asked for the withdrawal of a juror, which the court denied, and to this action an exception was properly taken. The court then said, "Pay no attention to the remark of the district attorney when he asked if they addressed her as Mrs. Heller." We think the refusal of the court to the request to withdraw a juror was not reversible error. The statement in print would lead one to believe that the district attorney was stating a fact, but the assertion was evidently made as a

question with the rising inflection, for the court states that the question was "asked." The withdrawal of a juror is largely a matter within the discretion of the court and in this case whatever harm might have been done was avoided by the prompt instruction of the court that the jury should pay no attention to it.

Third, it is claimed that there was not sufficient testimony to convict. The jury could find that when the defendant stated that he was with the prosecutrix only once that this was not true, for witnesses, produced by the Commonwealth, testified to having seen the parties together on various occasions. She persisted in the statement that she kept no company with any one at any time except with the defendant, and that he was the father of her child. She made this statement to the doctor, who attended to her and, with one exception, persisted in charging the defendant with the crime. The prosecutrix admitted that upon one occasion she told a girl who asked her if she was pregnant that a man by the name of Rhinelander was the father of her child, but she claims that she never knew Rhinelander, but she selected that name because she heard her two aunts, who were married to Rhinelanders, talk about the man, and she did not wish to have her interrogator know who the real father of her child was. There was no testimony offered showing that she and Rhinelander had ever been seen together, or were acquainted. Although the question of defendant's guilt is fairly debatable it was for the jury to decide whom to believe and if they took the testimony of the prosecutrix and the other witnesses of the Commonwealth, the guilt of the defendant was proven beyond a reasonable doubt.

The judgment of the lower court is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that

court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.