Commonwealth *v.* Frangos, Appellant.

Argued April 9, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*W. Hensel Brown,* for appellant.

*John L. Hamaker,* District Attorney, for appellee.

OPINION BY ROSS, J., July 19, 1945:

Emanuel M. Frangos, defendant, was indicted and convicted under the Act of June 24, 1939, P. L. 872, sec-

tion 511, 18 PS 4511, for keeping and maintaining a disorderly house. He maintained a restaurant in the basement and ground floor in a building on the northwest corner of West King and North Prince Streets in the City of Lancaster, Pennsylvania, and also had a license for the retail sale of beer.

The Act of June 24, 1939, supra, under which the defendant was indicted is as follows: "Whoever keeps and maintains a common, ill-governed and disorderly house or place, to the encouragement of idleness, gaming, drinking or misbehavior, and to the common nuisance and disturbance of the neighborhood or orderly citizens, is guilty of a misdemeanor . . ." The appellant contends that the court below erred in permitting witnesses for the Commonwealth to testify as to specific acts of conduct on the part of persons frequenting the appellant's establishment; that the evidence was insufficient to warrant a conviction; and that the trial judge erred in refusing the defendant's motion to withdraw a juror and grant a continuance.

The evidence on the part of the Commonwealth showed that minor girls were permitted to frequent the business place of the defendant at late hours and were furnished beer by patrons who purchased it from the establishment; that customers told lewd jokes and openly solicited girls for the purpose of sexual intercourse; that a waitress employed by the defendant and a male customer acted in a lewd manner; that drunks frequented the place, that a tear gas bomb was discharged there, that some of the customers were arrested and plead guilty to disorderly conduct charges, based on their actions while in defendant's place of business; that the place was noisy and that the noise could be heard outside the restaurant and for considerable distance from it; that the actions of the customers were in full view of the defendant and were not restrained by him.

The trial judge was not in error when he permitted the testimony of the witnesses for the Commonwealth

relating to the specific acts of conduct on the part of persons frequenting the defendant's establishment to be heard for the purpose of showing the conduct of customers and the nature and kind of those customers. In the case of *Commonwealth v. Soo Hoo Doo,* 41 Pa. Superior Ct. 249, the defendant, indicted under the Act of 1860, P. L. 382, the language of which Act is identical with that of the Act of June 24, 1939, supra, was charged with keeping a disorderly house to the encouragement of idleness, gaming, drinking and other misbehavior, to the common nuisance and disturbance of the neighborhood and orderly citizens, and it was held that it could be shown: that gaming, drinking and other misbehavior occurred with the acquiescence of the proprietor; that the place was kept in such a manner as to encourage such behavior; that the proprietor participated in the misbehavior; that the misbehavior which was the result of the ill-government of the house was necessarily and directly connected with the offense charged in the indictment; and the number and kind of people there were who visited the house, and what they did when assembled.

In the case at bar, the jury was properly charged by the trial judge that the case it was trying involved only the question of maintaining a disorderly house which becomes a nuisance when it is conducted in a manner to annoy the public or orderly citizens.

The defendant's place of business not being a nuisance per se, it was necessary to show that it was conducted in a manner to annoy the public or orderly citizens, and witnesses might testify as to the specific facts which they contend disturbed the peace and quiet of the neighborhood. *Commonwealth v. Ciccone,* 85 Pa. Superior Ct. 316. In addition to certain police officers, a witness, Burger, testified for the Commonwealth. He testified that he lived in the same building next door to the defendant's place of business. He stated that the defendant's place had been very noisy up to two o'clock in the morning; that he was unable to sleep; that he

heard screams and yelling from the defendant's place of business and that this condition of affairs continued for considerable time before the arrest of the defendant.

There is no merit in appellant's contention that there was insufficient evidence to warrant a conviction in this case. The testimony on the part of the Commonwealth, if believed, would justify the jury in finding that the defendant's place of business was a. common nuisance and disturbance to the neighborhood and orderly citizens. If the nuisance existed and one person was annoyed, it is not necessary that the whole neighborhood should have suffered, for if one person in the neighborhood or community is disturbed or annoyed, that is sufficient provided other circumstances necessary to constitute the offense appeared. See Wharton's Criminal Law, Vol. II, 12th edition, section 1724.

Betty Grissinger, a Commonwealth witness, after testifying that she had made dates at the defendant's place of business, was asked by the District Attorney the question "And that is why you are at Sleighton Farms, isn't that correct?" Answer "Yes, sir". The appellant moved for the withdrawal of a juror and a continuance of the trial of the case and now assigns as error the refusal of the Court below to grant the motion. Sleighton Farms is a correctional institution but the weakness of appellant's position is that there is nothing in the record to show that the jury was informed as to the nature of Sleighton Farms. Consequently, we are of the opinion that the trial judge did not abuse his discretion in refusing the motion. The withdrawal of a juror is largely within the discretion of the trial judge and only where there is a gross abuse of such discretion to the prejudice of the defendant will a reversal be granted. *Commonwealth v. Heller,* 113 Pa. Superior Ct. 341, 173 A. 428; *Commonwealth v. Touri,* 295 Pa. 50, 144 A. 761; *Commonwealth v. Tauza,* 300 Pa. 375, 150 A. 649; *Commonwealth v. Freed,* 106 Pa. Superior Ct. 529, 162 A. 679. Furthermore, since the Court below was not asked to grant a new trial on this

ground, the appellant may not now assign it as error. *Commonwealth v. Camwell*, 89 Pa. Superior Ct. 339; *Commonwealth v. Parker et al.*, 294 Pa. 144, 143 A. 904.

The assignments of error are overruled; the judgment is affirmed; and it is ordered that appellant appear in the court below at such time as he may be there called and that he be committed by that court until he shall have complied with his sentence, which had not been served at the time his appeal was made a supersedeas.