Commonwealth *v.* Gary, Appellant.

Argued June 15, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Cecil B. Moore,* for appellant.

*Arlen Specter,* Assistant District Attorney, with him *Domenick Vitullo,* Assistant District Attorney, *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for Commonwealth, appellee.

OPINION BY GUNTHER, J., September 16, 1960:

Defendant, Haddie M. Gary, was indicted at 1608 August Sessions, 1959, charging the offense of immoral practices. The case was tried without a jury by the court below. At the conclusion of the trial, defendant was found guilty, sentence suspended, and ordered to pay the costs of prosecution. This appeal followed.

The Commonwealth contends that the appeal should be dismissed because no post-conviction motions for a new trial or in arrest of judgment were filed. We have stated repeatedly that matters not properly raised in the court below cannot be invoked on appeal. *Commonwealth v. Mays,* 182 Pa. Superior Ct. 130, 126 A. 2d 530; *Commonwealth v. Aikens,* 179 Pa. Superior Ct. 501, 118 A. 2d 205; *Commonwealth v. Pittman,* 179 Pa. Superior Ct. 645, 118 A. 2d 214. However, because the factual matters here raised seem to be one of first impression and because of the extraordinary circumstances here involved, we have concluded to dispose of

the appeal on its merits. See *Commonwealth v. Savor,* 180 Pa. Superior Ct. 469, 119 A. 2d 849.

The indictment charged that the defendant "did solicit one Herbert Rhodes for the purpose of masturbation, whereby she, the said Haddie Mae Gary, on or about the said date did seek from said Herbert Rhodes a certain sum of money in return for which she offered to commit masturbation upon the private parts of the body of the said Herbert Rhodes to the great damage, injury and oppression of the said Herbert Rhodes and other good citizens of this Commonwealth to the evil example of all other in like case offending, and against the peace and dignity of the Commonwealth of Pennsylvania :"

In support of the bill of indictment, the prosecuting officer testified that on May 23, 1959, he called a massage parlor located at 3621 Germantown Avenue in the City of Philadelphia and made arrangements for a massage for two o'clock in the afternoon. He arrived at the parlor at approximately 1:55 P.M. and he was greeted by the defendant. She took him to a room adjacent to the waiting room and told him to take off all his clothes and get on the table. While there were other women who worked there, and also men waiting in the waiting room, no one was present in this room except the witness and the defendant. He was supplied with a large bath towel to cover himself and defendant left the room while the witness undressed. Defendant came back in about five minutes and began to give the witness a massage. During the course of the massage, defendant ran her hand over his private parts three or four times. The witness further testified that defendant spent the major portion of the time massaging his lower abdomen, inner thighs and in around there. During the massage, the towel was removed. He stated, further, that other than some small talk which had no

bearing on the charge, nothing whatever was said between them and after the massage he paid the sum of five dollars and left the premises.

This was the entire evidence of the Commonwealth to sustain the charge. The defendant demurred to the evidence and the demurrer was overruled. The demurrer should have been sustained because, from the evidence presented, not a single element of the charge was sustained. There was no solicitation; she received no money for the offer to commit masturbation and there was no offer to commit masturbation. Outside of the prosecuting witness and the defendant no one else was in the room. The evidence disclosed that the police officer made the appointment for a massage. He received a massage, during which his privates were touched, and paid for a massage.

Both in the court below and on this appeal, however, defendant has raised the fundamental question underlying the entire prosecution: Was any crime committed either under the Common Law or under the statutes of this Commonwealth? It is conceded by all that there is no statute covering this subject matter so that if a crime can be made out, it must be under the Common Law.

In *Commonwealth v. Wiswesser,* 134 Pa. Superior Ct. 488, 3 A. 2d 983, we stated that "a solicitation to commit a serious misdemeanor harmful to the public peace or the public welfare or economy is a common law offense in this state and that only such misdemeanors as by their nature make it unreasonable or illogical to treat them as a separate crime are excluded as an object of solicitation." In *Smith v. Commonwealth,* 54 Pa. 209, the Supreme Court held that it was not an indictable offense to solicit, incite and endeavor to persuade a married woman to commit fornication or adultery.

The term "masturbation" in 57 C.J.S. 448 has been defined as "self-defilement; onanism." Webster's New International Dictionary, 2d. ed., defines the word "to perform masturbation of (self or passive subject) ; to practice sexual self-gratification; production of an orgasm by excitation of the genital organs, as by manipulation or friction, without heterosexual intercourse . . ." It seems clear, therefore, that the term refers to self-defilement, self-degradation or self-pollution.

Such an act, usually committed in privacy, has not been declared to be a Common Law misdemeanor so far as our research discloses. But even if the act of masturbation could be considered a misdemeanor under the definitions we have set out in *Commonwealth v. Mochan*, 177 Pa. Superior Ct. 454, 110 A. 2d 788, it seems clear that the solicitation to commit such a misdemeanor makes it unreasonable or illogical to treat it as a separate crime any more than to treat solicitation to commit adultery as an indictable offense under the Common Law. We cannot conclude that the act of solicitation here alleged to be involved openly outrages decency and is injurious to public morals to the extent that should declare such an act to be indictable at Common Law.

The judgment of conviction is reversed and the defendant is discharged.

RHODES, P. J., WRIGHT and ERVIN, JJ., would dismiss the appeal.