Commonwealth *v.* Dulacy, Appellant.

164

Argued June 8, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*J. I. Simon,* for appellant.

*Louis Abromson,* Assistant District Attorney, with him *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., September 17, 1964:

The defendant, Stephen J. Dulacy, appeals from the judgment of sentence after conviction of charges of corruption of the morals of a minor and fornication. He was acquitted of the charge of statutory rape and was sentenced to six months in the Allegheny County workhouse on the "corruption" charge and a fine of one hundred dollars on the fornication charge. His

motions in arrest of judgment and for a new trial were denied.

The evidence shows that the defendant turned up at a party to which he was not invited, and at its close, took some of the participants home in his automobile. One of these was the minor involved, whom he didn't take home but kept with him all night. The evidence further discloses that the minor involved was left out of the defendant's car at 7:00 a.m., and the police found her at 10:00 a.m.; that he supplied her with beer, a case of which he had in the car, and she became drunk; and that he committed fornication with her. At the time the defendant was 19 years of age; the minor Karen Holmes, was fifteen.

The defendant argued below that the failure of the court to charge on the disposal of costs in the event of acquittal in the case of misdemeanor was fundamental error entitling him to a new trial. It is without merit but he has abandoned this contention. His argument below in arrest of judgment was the failure of the court to sustain a demurrer to the charge of "corrupting". This contention below was based on her consent and evident desire to commit the acts. The question of consent is neither relevant nor material on a charge of corrupting the morals of a minor under §532 of The Penal Code, 18 PS §4532. *Com. v. Blauvelt,* 186 Pa. Superior Ct. 66, 140 A. 2d 463 (1958). The court below properly denied the defendant's demurrer.

This appeal raises questions before this Court that were not raised below. He now contends that the crime of "corrupting" was included in the more serious crime of statutory rape and the acquittal of that more serious crime works an acquittal of "corrupting". He also complains that the indictment was defective in that the only act alleged was carnal knowledge and that "other wrongs" was not sufficiently specific to support the conviction of "corrupting".

We do not believe these contentions have any merit. As to merger, see *Com. ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 21 A. 2d 920 (1941). As to the indictment, he never moved to quash it nor seek a bill of particulars. He is, therefore, bound under the "corrupting" bill to meet the charge of "other wrongs", such as supplying and plying her with intoxicating drinks; keeping the minor out all night for sexual purposes; as well as fornication.

The general rule is that matters not raised nor considered in the trial court cannot be invoked on appeal unless there has been some basic or fundamental error which seriously affects the merits of the case and imperatively calls for reversal, which is not the case here. *Com. v. Gaito*, 195 Pa. Superior Ct. 356, 172 A. 2d 184 (1961).

Judgment of sentence is affirmed, and it is ordered that appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the order of supersedeas was entered.