## Commonwealth *v.* Price, Appellant.

Argued June 20, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Robert F. Simone,* for appellant.

*James D. Crawford,* Assistant District Attorney, with him *Joseph M. Smith,* Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., September 15, 1966:

Herbert Price appeals from the judgment of sentence imposed following a conviction of arson. The facts of this case as well as most of the governing principles of law are discussed in *Commonwealth v. Reginelli,* 208 Pa. Superior Ct. 344, 222 A. 2d 605 (1966).

Price appeals on the grounds that the evidence was insufficient to sustain the conviction and that the rebuttal testimony to the effect that Reginelli admitted having known him was prejudicial to his case, even though by ruling of the court it was admitted against Reginelli only.

In addition to our discussion in the *Reginelli* opinion of the sufficiency of the evidence presented in this trial, Price's involvement could be further inferred from his statement when he was given one-third of the $2,000, "I get more than this, don't I? I'm not going to settle for this." Edward Klayman also testified that Price reassured Reginelli in these words: "Don't worry about the Fire Marshal's office. And don't worry about the police. We're professionals. We know what we're doing. . . . You don't have to think about the prosecution. They don't know what's in your mind. You are insured for arson. But we are professionals. We know what we use, and it's undetectable, believe me."

Admittedly, there is no direct evidence of Price's guilt; only Klayman's testimony implicates him in any way. We discussed Klayman's competence in the *Reginelli* opinion. The weight to be given Klayman's testimony was for the lower court. Following the tests we set forth in *Reginelli*, we affirm the lower court's judgment.

Price's second argument was never raised until the day of argument before this court, which means that we look only to see whether fundamental error was committed. We are not persuaded that it was. The rebuttal testimony complained of tended to contradict Reginelli's assertion that he did not know Price at the time of the fire or at the time he collected the $2,000 from the insurance adjuster. It was not a confession and did not go to the elements of the crime as the confession did in *Commonwealth v. Oister et al. (Brockerman's Appeal)*, 201 Pa. Superior Ct. 251, 191 A. 2d 851 (1963), relied on by Price. Nor was a severance requested here, as it was in Oister. The testimony was stricken as regarded Price and was admitted only against Reginelli. The evidence was considered by an experienced trial judge. We are satisfied that by strik-

ing the statements as regarded Price, Judge GRIFFITHS indicated that he was not considering the testimony in deciding Price's guilt or innocence. A trial judge, unlike a layman, knows that testimony may be considered only for the purpose for which it is admitted and must be ignored for any other purposes. See *Commonwealth v. Rouse,* 207 Pa. Superior Ct. 418, 218 A. 2d 100 (1966), allocatur refused, Pa. Superior Ct. .

Judgment of sentence affirmed and it is ordered that the appellant appear in the court below at such time as he may be there called and that he be by that court committed until he shall have complied with his sentence or any part thereof which had not been performed at the time the appeal in this case was made a supersedeas.