Commonwealth ex rel. Fink, Appellant, *v.* Rundle.

Submitted May 20, 1968. Before Bell, C. J., Musmanno, Jones, Eagen, O'Brien and Roberts, JJ.

*Grover Frederick Fink, Jr.,* appellant, in propria persona.

*John T. Miller,* First Assistant District Attorney, and *John F. Rauhauser, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, August 13, 1968:

Grover Fink, appellant, was found guilty of voluntary manslaughter and sentenced to a term of 6 to 12 years imprisonment. No post-trial motions were filed and no appeal was taken. Two months after his sentence commenced Fink filed certain hand drawn papers, treated by the court as a petition for a writ of habeas corpus, in which he sought the right to file new trial motions and, if necessary, prosecute a direct appeal to this Court. It was appellant's contention that his two court-appointed counsel refused to take an appeal for him in violation of *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963) and numerous decisions of this Court. It was held below, however, that the colloquy at sentencing between appellant, the trial judge and counsel sufficiently demonstrated a waiver of the right to appeal such that no hearing was necessary on Fink's habeas corpus petition. On appeal to this Court, we reversed, holding that this colloquy was insufficient, by itself, to demonstrate a knowing and intelligent waiver of *Douglas* rights. Accordingly, we remanded the record, instructing the court below to

hold an evidentiary hearing on the waiver issue. *Commonwealth ex rel. Fink v. Rundle,* 423 Pa. 133, 222 A. 2d 717 (1966). After counsel had been appointed, that hearing was held, relief again denied, and the present appeal taken.[1]

Appellant admitted at the hearing below that trial counsel did inform him of his absolute right of appeal, and even prepared new trial motions. However, Fink asserts that once these motions were prepared, one of his two lawyers told appellant that he saw no merit in the appeal and that he would withdraw from the case immediately after the motions were filed.[2] Fink testified that he was without funds to hire a new attorney and that he was never informed of his right to have free appellate counsel. Accordingly, appellant maintains that although he went through the formalities of waiving his right to file post-trial motions by telling the trial judge at sentenc-

---

[1] Immediately after this Court remanded Fink's case for a *Douglas* hearing appellant filed a second habeas corpus petition in which he raised several substantive issues. The court below ordered a separate evidentiary hearing on this petition. At that hearing, however, appellant, in the presence of counsel, voluntarily withdrew the petition with prejudice, even though he had been carefully and correctly warned by the hearing judge that this withdrawal would constitute a waiver of all present and future collateral claims except his alleged *Douglas* denial, which was the subject of a separate proceeding. See *Commonwealth v. Satchell,* 430 Pa. 443, 243 A. 2d 381 (1968). Nevertheless, in spite of this waiver, we must still adjudicate Fink's *Douglas* claim simply because there are many issues which can be raised only on direct appeal. The right to litigate these issues would not be affected by any collateral waiver.

[2] Appellant admits that only one of his two attorneys threatened withdrawal; he testified, however, that he assumed the threat applied to both counsel, since they tried the case together, and since both had told Fink that they saw little merit in an appeal.

ing that no such motions would be filed, in fact, he never intelligently waived his appellate rights.[3]

There is no doubt that if Fink's trial counsel really threatened to withdraw from the case, they were at least under a duty to tell their indigent client that a new court-appointed attorney would be made available, without charge, to assist appellant on appeal. *Commonwealth v. Ezell*, 431 Pa. 101, 244 A. 2d 646 (1968); *Commonwealth v. Payton*, 431 Pa. 105, 244 A. 2d 644 (1968). However, the hearing judge chose to disbelieve Fink's testimony and accept as true that of appellant's two trial lawyers, both of whom categorically denied having ever threatened to leave the case. These men testified that they held two conferences with appellant after trial, that they had prepared the new trial motions and had shown them to Fink, but that they had also told their client that his appeal seemed without merit. It was appellant himself who finally expressed the desire not to file the motions. Throughout the post-trial period counsel had guaranteed appellant that, if he so desired, "he would have his appeal." (Record at 30.)

On the basis of the testimony below, however, it is still possible that Fink believed that even his court-appointed trial counsel would not continue the case on appeal unless paid. Moreover, neither of appellant's attorneys, in their testimony below, specifically addressed themselves to this precise matter. Because of

---

[3] The relevant portion of Fink's sentencing hearing is as follows: "The Court: Q. Mr. Fink, I presume you have discussed with your attorneys since the verdict the matter of your appearance for sentence this morning? A. [by appellant] Yes sir. Q. I also assume that they have discussed with you the advisability or inadvisability of requesting a new trial? A. Yes sir. Q. And from your appearance here it would appear you and they have decided that no such motion be filed? A. Yes sir. Q. You are in accord with that decision, are you? A. Yes sir." (Sentencing record at 2.)

this silence on the part of trial counsel, a proper resolution of appellant's waiver claim might be made somewhat more difficult if the *Commonwealth* had the burden of proving a knowing and intelligent waiver. But the prosecution has the burden only in cases where the *Douglas* claim is coupled with a silent trial record. *Commonwealth v. Wilson,* 430 Pa. 1, 241 A. 2d 760 (1968). When, as here, the trial record contains enough to show at least a prima facie waiver, the burden of proof remains with appellant, as it does in most collateral proceedings. See *Commonwealth v. Hill,* 427 Pa. 614, 235 A. 2d 347 (1967).

Although we held in the first *Fink* case that the sentencing colloquy (set out in note 3 of this opinion) was not alone sufficient to show conclusively that there had been a waiver of appellate rights, nevertheless the responses by appellant to the trial judge, in the presence of counsel, are certainly sufficient to take this case out of the "silent record" category. Accordingly, appellant must show that the words spoken at sentencing did not amount to a waiver. In view of the fact that Fink's own testimony mentions a lack of funds only in connection with the alleged *withdrawal* of counsel and with appellant's alleged inability to hire a *new* attorney for appeal, we do not believe Fink has carried his burden of showing that he did not know court-appointed counsel included assistance at the appellate level. Moreover, because the burden is on appellant to show a nonwaiver, and the hearing judge chose to disbelieve Fink's testimony, a rejection of his story must equate with a failure to carry the burden of proof.

Accordingly, we agree with the court below that appellant knowingly and intelligently waived his right to file new trial motions and appeal. Relief must therefore be denied.

Order affirmed.

Mr. Chief Justice BELL concurs in the result.

Mr. Justice COHEN took no part in the consideration or decision of this case.