Commonwealth *v.* Smith, Appellant.

518

Argued October 11, 1968. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John A. Dean,* with him *Daniel T. Zamos,* for appellant.

*Charles B. Watkins* and *Carol Mary Los,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, November 27, 1968:

This is an appeal from the judgment of the Court of Oyer and Terminer of Allegheny County. Appellant was tried and convicted of first degree murder, and, after denial of his post-trial motions, was sentenced to life imprisonment.

Appellant does not here contest the sufficiency of the evidence, but asserts that certain trial errors should

entitle him to a new trial. The evidence shows that appellant, with two other men, both of whom have been convicted of first degree murder and sentenced to life imprisonment, participated in a robbery of a jewelry store in the Plaza Building in Pittsburgh. In the course of that robbery, an exchange of gunfire occurred, the owner of the store was killed, and one of the felons, Garfield Gordon was badly wounded. The felons made their getaway in a white Buick owned by appellant. Three witnesses identified appellant as the driver of the car. The only other facts relevant for our purposes are derived from the testimony of Charles Gordon, the brother of Garfield Gordon. Charles testified that William Murray, the third participant, brought Garfield, seriously wounded, to his, Charles', home shortly after the killing. Charles stated that Garfield and he had conversed, but did not reveal what was said in that conversation.

Two errors are alleged. One is that the court below erred in permitting the appellant to be cross-examined as to his prior arrests which did not result in convictions. The court held that appellant had put his character in issue when, after he was asked if he had had any difficulty with the police, he narrated only two convictions, and emphasized several mitigating circumstances with regard to those. This testimony, the court indicated, led to the inference that appellant's character was good on the whole. He thus held that questions as to prior arrests not leading to convictions were proper under the first exception in the Act of March 15, 1911, P. L. 20, §1, 19 P.S. §711:

"Hereafter any person charged with any crime, and called as a witness in his own behalf, shall not be asked, and, if asked, shall not be required to answer, any question tending to show that he had committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged,

or tending to show that he has been of bad character or reputation; unless, —

"One. He shall have at such trial, personally or by his advocate, asked questions of the witness for the prosecution with a view to establish his own good reputation or character, or *has given evidence tending to prove his own good character or reputation;* or,

"Two. He shall have testified at such trial against a codefendant, charged with the same offense." (Emphasis ours). We agree with the analysis of the court below as to this issue.

The other error alleged is that the court below abused its discretion in refusing to withdraw a juror when the Assistant District Attorney in his closing statement asserted prejudicial facts which were not in the record. Although the closing statements have not been transcribed, the relevant passage has fortunately been revealed in the transcription of the colloquy between court and counsel: "MR. GAITENS: Your Honor, I think the District Attorney's argument here, these statements made by Garfield Gordon to his sister definitely infers [sic] this man was with him. He is leading the Jury to believe that, and explaining why he can't introduce the evidence. THE COURT: I didn't catch that statement myself. What was it you said to the Jury? MR. FAGAN: I think I said that Charles and Sylvia Gordon already had given the police a statement of what Garfield Gordon told him regarding the crime and who he was with. MR. GAITENS: And we cannot use that in Court against this defendant because of the Rules of Evidence. THE COURT: Well, I had better caution the Jury. MR. GAITENS: I make a formal motion for the withdrawal of a juror. (Whereupon, the discussion at side bar ended) THE COURT: Members of the Jury, I ask you to disregard the last comments of Mr. Fagan with regard to the conversations of the Gordon's [sic] as

he has related it to you just now. All right, Members of the Jury, we will recess now until 1:00 o'clock."

Appellant's defense was alibi. Thus, whether he was with the other two felons was an especially crucial question. Charles and Sylvia Gordon could not testify that Garfield Gordon had told them that appellant had accompanied him. That would be flagrant hearsay. Moreover, a statement of what Charles and Sylvia Gordon told the police about what Garfield Gordon told them would be double hearsay. We disagree with the court's characterization of these remarks as "vague". The statement by the Assistant District Attorney could only have had the purpose of prejudicing appellant's alibi defense, by revealing to the jury "facts" which were inadmissible under the rules of evidence. The Assistant District Attorney's actions were highly improper.

However, we cannot say that the court erred in refusing the defense motion for withdrawal of a juror. A motion for withdrawal of a juror is addressed to the discretion of the court, *Commonwealth v. Coleman*, 402 Pa. 238, 243, 166 A. 2d 525 (1961), and we cannot find an abuse of that discretion here. The court immediately instructed the jury to disregard the comments of the Assistant District Attorney concerning the conversations of the Gordons.

The judgment is affirmed.

Mr. Justice JONES concurs in the result.

Mr. Justice COHEN and Mr. Justice EAGEN dissent.

Mr. Justice MUSMANNO took no part in the consideration or decision of this case.