Commonwealth *v.* Gilmer, Appellant.

570

Argued April 21, 1969.   Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*Joseph Wassell,* for appellant.

*Harry P. O'Neill,* Assistant District Attorney, and *Joseph J. Cimino,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Roberts, October 9, 1969:

This case involves the narrow question whether appellant is entitled to a hearing under the Post Conviction Hearing Act.   On October 14, 1947, after a jury trial, appellant was convicted of murder in the first degree and was sentenced to life imprisonment.   Post trial motions were filed and then withdrawn.   Appellant now claims that although he knowingly and voluntarily agreed to the withdrawal of the post trial motions, he did not know that this would also waive his right to appeal.   The court below, relying on the post trial record colloquy, which discloses that appellant stated that he voluntarily agreed to the withdrawal of the motions, dismissed appellant's petition without a hearing.

We agree with appellant that a hearing is necessary.   Appellant has raised a factual issue the deter-

mination of which is not concluded by the record. If appellant's claim is found to be true as a matter of fact, he would be entitled to relief under *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814 (1963). There is nothing in the record to disclose that appellant's claim is patently frivolous, nor has a hearing on this issue ever been held. Thus appellant must now have a hearing. Act of January 25, 1966, P. L. (1965) 1580, §9, 19 P.S. §1180-9. See, e.g., *Commonwealth v. Walters*, 431 Pa. 74, 244 A. 2d 757 (1968). We of course take no position as to whether appellant's claims are meritorious, but merely remand for the PCHA court to make initial factual determinations.

The order of the Court of Oyer and Terminer of Lackawanna County is reversed and the case is remanded for proceedings consistent with this opinion.

Mr. Chief Justice BELL dissents.

---

CONCURRING OPINION BY MR. JUSTICE EAGEN:

I concur in the conclusion that Gilmer is entitled to a hearing on his petition for post conviction relief, but I desire "to enter a caveat".

Gilmer had an absolute right to appeal from his conviction and sentence, and if he was indigent at the pertinent time, he was entitled to the assistance of free counsel in perfecting and prosecuting an appeal. *Commonwealth v. Wilson*, 430 Pa. 1, 241 A. 2d 760 (1968). The hearing in the court below should be directed to a determination of whether or not Gilmer intelligently and intentionally abandoned or waived these rights. Of course, he could not "intelligently" abandon or waive either right unless he completely understood what the right was. *Commonwealth ex rel. Stevens v. Myers*, 419 Pa. 1, 213 A. 2d 613 (1965).

In *Commonwealth v. Wilson*, supra, in speaking of a convicted criminal defendant's right to appeal and of his right to the assistance of counsel in the further-

ance of the appeal, we said that a convicted criminal defendant could not effectively abandon or waive such rights *unless he knew or was informed* what these rights were. In subsequent cases dealing with this subject, we specifically ruled that there cannot be a finding of a knowing and intelligent waiver unless the accused has been explicitly informed of such rights. See *Commonwealth v. Ritchey*, 431 Pa. 269, 245 A. 2d 446 (1968). While I joined with all of the other members of the Court in the opinion filed in *Ritchey* and in other opinions of like import, upon further consideration, I am persuaded that the ruling in *Ritchey* was an unwarranted extension of what we said in *Wilson*, supra. Certainly, if the record establishes that the accused fully understood and knew of his rights, both to appeal and to the assistance of counsel in connection therewith, he may effectively waive these rights even though he has not been explicitly informed thereof either by the court or his counsel. Hence I believe that the ruling in *Wilson*, supra, should be the position adhered to by this Court.

Finally, it is my view that we are not dealing with a "silent trial record" in the instant case and that there is at least sufficient evidence to show a prima facie waiver of the rights involved. Under such circumstances, the burden of proof in the hearing below should be upon Gilmer. See and compare, *Commonwealth ex rel. Fink v. Rundle*, 431 Pa. 264, 244 A. 2d 648 (1968).

Mr. Justice JONES and Mr. Justice COHEN join in this opinion