Commonwealth *v.* Matcheson et al., Appellants.

Argued September 9, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John J. Brier,* Assistant Public Defender, with him *Andrew Hailstone,* for appellants.

*Harry P. O'Neill, Jr.,* Assistant District Attorney, with him *Joseph J. Cimino,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., November 12, 1969:

These two appeals were tried and argued together and will be disposed of in this opinion. Both cases raise the same issue. That issue is whether the trial judge erred in denying defendants' motions for a mistrial, based upon the possession by the jurors of copies of the criminal list containing a listing of two additional indictments against one of the defendants, Matcheson.

Following the return of a verdict of guilty by the jury, both defendants submitted themselves for sentence without filing any post-trial motions and sentences were imposed from which these appeals were taken. The verdict was rendered on October 3, 1968, and the sentences were imposed on February 7, 1969. Both appellants were represented by counsel at all times.

The well-established doctrine followed by our appellate courts is that, generally, they need not entertain arguments raised for the first time on appeal. *Commonwealth v. Williams,* 432 Pa. 557, 248 A. 2d 301 (1968); *Commonwealth v. Ludlow,* 206 Pa. Superior Ct. 464, 214 A. 2d 282 (1965). Thus, where no post-conviction motions have been filed, the general rule applies, and no appeal lies to this Court. *Commonwealth v. Mays,* 182 Pa. Superior Ct. 130, 126 A. 2d 530 (1956).

Occasionally our appellate courts have relaxed this rule. See *Commonwealth v. Williams,* supra; *Com-*

*monwealth v. Dessus,* 423 Pa. 177, 224 A. 2d 188 (1966); *Commonwealth v. Price,* 208 Pa. Superior Ct. 354, 222 A. 2d 610 (1966); *Commonwealth v. Dulacy,* 204 Pa. Superior Ct. 163, 203 A. 2d 587 (1964); *Commonwealth v. Gary,* 193 Pa. Superior Ct. 111, 163 A. 2d 696 (1960). However, we do not consider the present case as falling within the exceptions set forth in the above and other similar cases.

The withdrawal of a juror[1] and the declaration of a mistrial was within the discretion of the trial judge. *Commonwealth v. Smith,* 432 Pa. 517, 248 A. 2d 24 (1968).

Appeals dismissed.

———

DISSENTING OPINION BY HOFFMAN, J.:

I respectfully dissent from the opinion of the majority.

Judgment of sentence for larceny was entered against appellants in the Criminal Division, Court of Common Pleas of Lackawanna County, following a jury trial. The right to appeal from such judgment of sentence is guaranteed by Article V, Section 9 of the Pennsylvania Constitution and the Act of June 24, 1895, P. L. 212, §7(a), as amended, 17 P.S. §182 (Supp. 1969). The majority holds that appellants never filed motions for a new trial and, therefore, waived the right of appeal. A holding that appellants have foregone their right of appeal, however, must be based upon a competent and intelligent waiver. See *Johnson v. Zerbst,* 304 U.S. 458 (1938).

Where the record does not clearly indicate a waiver, a hearing is required so that a court can inquire into the circumstances surrounding the failure to take an

———

[1] Pa. Rule of Criminal Procedure, adopted January 24, 1968, effective August 1, 1968, replaced the practice of moving for the withdrawal of a juror with the motion to declare a mistrial.

appeal. *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 22, 213 A. 2d 613 (1965). Where the record is bare of instructions to the criminal defendant as to his right of appeal with free counsel, the Commonwealth has the burden of showing the knowledge prerequisite to waiver. Compare *Commonwealth v. Wilson,* 430 Pa. 1, 241 A. 2d 760 (1968); *Commonwealth v. Mumford,* 430 Pa. 451, 243 A. 2d 440 (1968); with *Commonwealth ex rel. Fink v. Rundle,* 431 Pa. 264, 244 A. 2d 648 (1968).

This Court, in the past, has refused to consider an issue on appeal, where that issue was not presented to the court below in a motion for a new trial. See, e.g., *Commonwealth v. Frangos,* 158 Pa. Superior Ct. 77, 43 A. 2d 627 (1945). Where a motion for new trial has not been made at all, it has been held that no appeal lies. See, e.g., *Commonwealth v. Whiting,* 205 Pa. Superior Ct. 92, 208 A. 2d 1 (1965). Accordingly, before foreclosing a criminal defendant's right of appeal because of these holdings, it must be shown that he competently and intelligently waived his right to file a motion for a new trial. See *Commonwealth v. Grillo,* 208 Pa. Superior Ct. 444, 448, 222 A. 2d 427 (1966).[1]

In the instant case, appellants were convicted on October 3, 1968, and sentenced February 7, 1969. No motions for a new trial appear of record between those dates. On March 10 and 18, 1969, appellants filed

---

[1] Even if a criminal defendant competently and intelligently waives his motion for a new trial, he does not in all cases waive his right of appeal. In *Commonwealth v. Gilmer,* 435 Pa. 569, 257 A. 2d 548 (1969), the Supreme Court held that where a criminal defendant alleges he did not know that withdrawal of his motion for a new trial foreclosed his right of appeal, a hearing was required to determine the merit of the allegation. Moreover, where fundamental error appears in the record, even waiver will not prevent appellate courts from considering the claim. See, e.g., *Commonwealth v. Williams,* 432 Pa. 557, 248 A. 2d 301 (1968).

timely appeals in this Court. The record is bare, however, of any indication why motions were not filed.[2] We cannot proceed until the lower court determines whether the failure to file motions was due to appellants' competent and intelligent waiver.

The record in this case is also bare of any instructions to appellants with respect to motions for a new trial and their right of appeal. Accordingly, the Commonwealth has the burden of showing waiver in the court below. If the Commonwealth fails to carry its burden, appellants should be permitted to file motions for a new trial nunc pro tunc.

I would remand this case for proceedings not inconsistent with this opinion.

SPAULDING, J., joins in this dissenting opinion.

---

[2] We do not bind appellants by counsel's decision, erroneous or not, that no appeal should be taken. See *Anders v. California*, 386 U.S. 738 (1967) ; *Commonwealth v. Baker*, 429 Pa. 209, 239 A. 2d 201 (1968). Cf. *Douglas v. California*, 372 U.S. 353 (1963) [court's *ex parte* determination that no appeal should be taken]. Similarly, we should not bind appellants by counsel's decision, erroneous or not, that motions for a new trial should not be filed. *A fortiori* we should not bind appellants if counsel failed to file motions for a new trial through inadvertence.