Commonwealth *v.* Jackson, Appellant.

Submitted November 10, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Mark D. Prather,* for appellant.

*David P. Truax,* Assistant District Attorney, and *Paul D. Shafer, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 12, 1970:
Order affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:

Appellant was convicted of a criminal charge following a trial before a judge and jury. No appeal was taken from that conviction.

Appellant then filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180, alleging ineffective as-

sistance of counsel. His petition indicated at least two bases for his allegation: (1) Counsel failed to interview and subpoena witnesses favorable to appellant. (2) Counsel failed to heed appellant's requests that an appeal be taken. No answer to this petition by the Commonwealth appears of record. The PCHA court denied appellant's petition without a hearing. This appeal followed.

Section 9 of the Act provides in part:

"If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner."

This section has led to the following decisions: (1) Legal conclusions, without a factual basis of support, are insufficient for a hearing. *Commonwealth v. Snyder,* 427 Pa. 83, 233 A. 2d 530 (1967). (2) Allegations of fact, neither frivolous nor clearly controverted by the record, are sufficient for a hearing if they state a ground for relief. Compare *Commonwealth v. Wood,* 425 Pa. 612, 230 A. 2d 729 (1967) with *Commonwealth v. Welch,* 425 Pa. 591, 229 A. 2d 737 (1967). From these two, it also follows: (3) If an allegation of fact states a ground for relief which cannot be or is not fully controverted by the record, a hearing must be held.

With respect to basis (2) for appellant's allegation of ineffectiveness, the record reveals the following:

"[Court] : Now, you have the right to have the Court pass upon the present Motion for a New Trial and, if this motion is denied by the Court, you have a right then to file an appeal after sentence. The right to take an appeal to a higher court in which appeal you could argue that this Court improperly refused to grant a

new trial and, during the argument on this motion for a new trial and at sentence and on appeal, you would have a right to continue to have the assistance of counsel without charge to yourself. So that, if you proceed as you are now proceeding and go ahead with your motion for new trial—if it's refused—you'll have a right to take an appeal to the Supreme Court challenging our refusal to grant you a motion for new trial.

"*The following questions directed to the Defendant by the Court:*

"Q. Now, do you understand what I've said up to this point? A. Yes sir. Q. Now, your counsel tells me that you want to withdraw this motion for a new trial? A. Yes, I do. Q. If you withdraw this motion for a new trial, then you will be sentenced according to the jury's verdict of guilty—just as though you had never filed this motion. Do you understand that? A. Yes sir. Q. You would then be giving up your right to file an appeal except, after sentence, you could file an appeal [sic] but only to question or to raise the question of the validity of your trial, if some constitutional grounds existed, but mainly the only questions you could raise if you withdraw this motion for a new trial would be that this Court didn't have any jurisdiction or that we didn't impose a lawful sentence. Now, are you sure you understand that? A. Yes sir."

The above appears to be a competent and intelligent withdrawal of a motion for a new trial. As such, it would preclude direct appellate review of the record. See *Commonwealth v. Matcheson,* 215 Pa. Superior Ct. 371, 259 A. 2d 174 (1969) (majority and dissenting opinions). Accordingly, counsel's alleged failure to heed appellant's requests with respect to an appeal is clearly refuted by the record.

The same conclusion cannot be made with respect to basis (1), that is, counsel's alleged failure to interview and subpoena witnesses. Indeed, it would be the

unusual case where an act of omission was refuted by the record. Accordingly, had appellant's allegation been sufficient to state a ground for relief, he would have been entitled to a hearing.

Appellant's allegation, however, like many that appear in PCHA petitions, while insufficient on its face to state a ground for relief, is neither frivolous nor clearly controverted by the record. It is in such cases that the court must grant leave to amend. "No petition may be dismissed for want of particularity unless the petitioner is first given an opportunity to clarify his petition." Section 7, 19 P.S. §1180-7. Appellant should have been given the opportunity to state what witnesses were not called, what testimony they would have given, and what relevance that testimony would have had. See *Commonwealth v. Stokes*, 426 Pa. 265, 232 A. 2d 193 (1967).

I would, therefore, reverse the order of the lower court and remand the record to permit appellant to amend his petition.

SPAULDING, J., joins in this dissenting opinion.