## Commonwealth *v.* Stull, Appellant.

Submitted November 10, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Wilbert H. Beachy, Jr.,* for appellant.

*Alexander Ogle,* District Attorney, for appellee.

OPINION PER CURIAM, March 12, 1970:
Order affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellant pleaded guilty to criminal charges and did not appeal. He then filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180, alleging ineffective assistance of counsel at trial. His petition indicated at least two bases for his allegation: (1) Counsel conferred with appellant for only a short period of time. (2) Counsel's representation of a codefendant created a conflict of interest. No answer to this petition by the Commonwealth appears of record. The PCHA court denied appellant's petition without a hearing. This appeal followed.

I dissent for the reasons stated at length in my dissenting opinion in *Commonwealth v. Jackson,* 216 Pa. Superior Ct. 122, 264 A. 2d 182 (1970). Appellant's allegations are neither frivolous nor clearly controverted by the record. If true, his plea of guilty may be vitiated. See, e.g., *Commonwealth v. Cullen,* 216 Pa. Superior Ct. 23, 260 A. 2d 818 (1969). If the PCHA court believed, however, that the allegations as they appeared on the petition were insufficient to state a

ground for relief, the court should have granted leave to amend. Section 7, 19 P.S. §1180-7.

I would reverse the order of the lower court and remand the record to permit appellant to amend his petition.

JACOBS and SPAULDING, JJ., join in this dissent.