## Commonwealth *v.* Gilmer, Appellant.

Submitted October 1, 1970. Before BELL, C. J., JONES, COHEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Joseph Wassell,* Assistant Public Defender, for appellant.

*Paul R. Mazzoni,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, November 12, 1970:

In 1947, John J. Gilmer was convicted of first degree murder. Gilmer, through counsel, filed post-trial motions. These motions were later withdrawn and Gilmer was sentenced to life imprisonment.

Approximately twenty years later, Gilmer filed in the Court of Common Pleas of Lackawanna County a petition for post-conviction relief wherein he alleged that "although he [Gilmer] knowingly and voluntarily agreed to the withdrawal of certain post-trial motions filed by his counsel, he did not know that this would waive his right to appeal after sentence was imposed." The court below, without a hearing, dismissed this petition. On appeal, concluding that Gilmer was entitled to a hearing on his petition, we reversed and remanded

the matter to the court below. See: *Commonwealth v. Gilmer,* 435 Pa. 569, 257 A. 2d 548 (1969).

A hearing was then held in the court below. At that hearing, Gilmer testified that he did not know and had not been advised of his right to appeal and Gilmer's then only surviving counsel testified that he could not remember whether Gilmer had been consulted either in regard to the filing of post-trial motions or his right to appeal. After hearing, the court below found: "After reviewing the evidence before us, we cannot conclude that [Gilmer] fully understood and knew of his rights, both to an appeal and to the assistance of counsel in connection therewith" and that "[Gilmer] ought to be afforded the opportunity to appeal." However, the court below, acting upon the erroneous belief that it lacked competency to grant an appeal as though timely filed, instead of granting Gilmer the right to file an appeal, dismissed Gilmer's petition and "returned the case" to our Court.

The record clearly demonstrates that Gilmer did not knowingly and understandingly waive his right to appeal. As we noted in *Com. v. Faison,* 437 Pa. 432, 436 n. 4, 264 A. 2d 394, 396 n. 4 (1970) : "In cases where no post-trial motions have been filed, the hearing court upon finding that a petitioner has been denied his Douglas rights should transfer the case to the trial court with instruction to appoint counsel for the petitioner (if indigent) and to permit the filing and arguing of post-trial motions."

The order of the court below is reversed and the matter remanded to the court below so that Gilmer, with the assistance of counsel, may file post-trial motions and, in the event the court below after due consideration dismisses such motions, that Gilmer be permitted to file an appeal from the judgment of sentence as though timely filed.

Mr. Justice EAGEN took no part in the consideration or decision of this case.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I strongly dissent. Twenty-three years after a conviction of murder, the Majority grant defendant a new hearing and a right to appeal any adverse decision. Is there never to be an end to a murder case? No wonder the Courts are "bogged down" with colossal backlogs of criminal cases, and "speedy Justice" is a joke.