## Commonwealth *v.* Groom, Appellant.

Submitted April 12, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Sallie Ann Radick* and *John J. Dean,* Assistant Public Defenders, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los* and *Robert L. Campbell,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 30, 1971:
Order affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:

In 1969 appellant was convicted of rape after a trial by jury. Post-trial motions were filed but later withdrawn upon the advice of counsel. Appellant was then sentenced.

Subsequently, he filed a petition pursuant to the Post Conviction Hearing Act alleging, inter alia, the denial of his right to appeal. After a hearing the court held that appellant had waived his right to appeal because of his voluntary withdrawal of post-trial motions.

I believe that the Commonwealth has not shown that appellant's withdrawal of post-trial motions was knowing and intelligent. Although appellant acquiesced in the withdrawal, trial counsel admitted that she did not inform him that this would preclude him

from taking a direct appeal. *Commonwealth v. Matcheson*, 215 Pa. Superior Ct. 371, 259 A. 2d 174 (1969) (Majority and dissenting opinions). Unless appellant knew or was informed that his right to a full appeal on the merits would be precluded by his withdrawal of post-trial motions, he cannot be said to have waived this right. *Commonwealth v. Gilmer*, 441 Pa. 170, 270 A. 2d 693 (1970). Cf. *Commonwealth v. Jackson*, 216 Pa. Superior Ct. 122, 264 A. 2d 182 (1970) (dissenting opinion).

I would reverse the order of the lower court and remand the matter so that appellant may file post-trial motions nunc pro tunc.[1]

SPAULDING, J., joins in this dissenting opinion.

---

[1] At a hearing below appellant's counsel attempted to raise the issue of an illegal pretrial identification, even though this contention was not checked on the PCHA petition. Although the Public Defender's Office explained that this omission was caused by a lack of time to prepare the case, the court refused to consider this issue, indicating that appellant could raise it in a later petition. In the absence of "extraordinary circumstances" an issue which could have been raised in a PCHA hearing will be deemed waived in any future proceeding. *Commonwealth v. Cannon*, 442 Pa. 339, 275 A. 2d 293 (1971) ; *Commonwealth v. Cordell*, 436 Pa. 477, 260 A. 2d 748 (1970). This rule is intended to conserve judicial resources by preventing the piecemeal raising of issues through a series of petitions. Thus, a PCHA hearing judge should consider all contentions which can properly be developed before him, and not rely on later petitions.