Commonwealth *v.* Cordell, Appellant.

478

Submitted November 10, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Melvine Dildine* and *Elizabeth Langford Green,* Assistant Defenders, and *Vincent J. Ziccardi,* Acting Defender, for appellant.

*Anne T. Welsh* and *James D. Crawford,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, January 9, 1970:

On March 25, 1967, Clinton Cordell was convicted of voluntary manslaughter in Philadelphia County after trial before a judge sitting without a jury. No post-trial motions were filed, and a prison sentence of 4 to 12 years was imposed. No appeal was filed from the judgment.

In October 1967, Cordell filed a petition seeking post-conviction relief, alleging: (1) that the evidence

was insufficient to support the guilty verdict; (2) that he was denied his constitutional right to appeal; and (3) that he was compelled to incriminate himself. After an evidentiary hearing, this petition was dismissed. During the proceedings, Cordell had the assistance of legal counsel. No appeal from the order denying relief was filed.

In December 1968, Cordell filed a second petition through counsel seeking post-conviction relief.. Therein he reiterated two of the allegations asserted in the 1967 petition, and also asserted two alleged grounds for relief not included in the previous petition. The court dismissed the petition without prejudice and with leave to file an amended petition within 30 days. Instead of filing an amendment, Cordell appealed. We affirm.

In the second petition, the court was confronted with issues that had been finally litigated previously or that may have been waived under the provisions of Subsections (b) and (c) of Section 4 of the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-4(b) and (c) (Supp. 1969). Subsections (b) and (c) of Section 4 provide:

"(b) For the purposes of this act, an issue is waived if: (1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and (2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.

(c) There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure."

In this petition, Cordell did not state or allege any "extraordinary circumstances" which would rebut the

presumption that his failure to appeal the order dismissing the 1967 petition or to include all issues therein was not a knowing and understanding waiver. Under the circumstances, the court correctly entered an order permitting an amendment to be filed: *Commonwealth v. Satchell,* 430 Pa. 443, 243 A. 2d 381 (1968). *See* Section 7 of the Post Conviction Hearing Act, supra.

Order affirmed.