Commonwealth *v.* Owens, Jr., Appellant.

Submitted November 12, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*John J. Dean* and *John R. Cook,* Assistant Public Defenders, and *George H. Ross,* Public Defender, for appellant.

*Robert L. Eberhardt,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, December 11, 1973:

The six judges who heard this appeal being equally divided, the order is affirmed.

———

OPINION BY HOFFMAN, J., IN SUPPORT OF REVERSAL:

Appellant contends that it was error for the lower court to dismiss his PCHA petition without a hearing or without leave to amend for "extraordinary circumstances."

On May 12, 1966, appellant was convicted on charges of armed robbery, assault and battery, larceny and two counts of receiving stolen goods. Appellant filed a Post Conviction Hearing petition on December 7, 1966. After a hearing, at which counsel was present, the hearing judge denied post-conviction relief. Appellant filed

a second petition on November 12, 1971, which was dismissed on August 2, 1973.

In the second petition, appellant raises two contentions: (1) that a seizure of evidence was illegal because it was the fruit of a bad arrest; and, (2) appellant was subjected to suggestive identification procedures. Appellant prepared his petition while in prison, and submitted it *pro se*. Though he did not allege with specificity the "extraordinary circumstances" that would justify raising issues in a second PCHA petition, he did raise the above contentions. According to the Act of January 25, 1966, P. L. 1580, §7, 19 P.S. §1180-7, a confined petitioner must be given a wide latitude in presenting the basis for his PCHA petition: "The court may grant leave to amend or withdraw the petition at any time. Amendment shall be freely allowed in order to achieve substantial justice. No petition may be dismissed for want of particularity unless the petitioner is first given an opportunity to clarify his petition." At the time of appellant's trial, in 1966, as well as at the time of the first PCHA petition, on December 7, 1966, there were no definitive safeguards for the defendant who was subjected to a line-up or other form of suggestive identification procedure. But, on June 12, 1967 (just three days before appellant's first PCHA hearing), the Supreme Court of the United States handed down what has been popularly referred to as the *Wade-Stovall-Gilbert*[1] trilogy. While *Wade* and *Gilbert* have not been applied retroactively, *Stovall*, which involved the question of due process violations by the conduct of suggestive identifications, is fully retroactive. *Stovall*, 388 U.S. at 300-302. As appellant's first petition was filed prior to these decisions, and as his

---

[1] *United States v. Wade*, 388 U.S. 218 (1967); *Gilbert v. State of California*, 388 U.S. 263 (1967); *Stoval v. Denno*, 388 U.S. 293 (1967).

hearing was held just three days after these opinions were filed in the United States Supreme Court, appellant should be permitted to amend his petition to allege and demonstrate "extraordinary circumstances."

Our Supreme Court has previously held that an appellant who submits a prison-drawn petition, which either omits or fails to adequately assert "extraordinary circumstances" "which would rebut the presumption that his failure to appeal the order dismissing the [earlier] petition or to include all issues therein was not a knowing and understanding waiver,"[2] should be granted leave to amend his petition. *Commonwealth v. Fox*, 448 Pa. 491, 295 A. 285 (1972); *Commonwealth v. Cordell*, 436 Pa. 477, 260 A. 2d 748 (1970).

For the above-stated reasons, the order of the court below dismissing appellant's PCHA petition should be reversed, and appellant granted leave to amend his petition to demonstrate "extraordinary circumstances."

CERCONE and SPAETH, JJ., join in this opinion in support of reversal.

---

[2] *Commonwealth v. Cordell*, 436 Pa. 477, 479-480, 260 A. 2d 748 (1970).