## Commonwealth *v.* Owens, Appellant.

Submitted November 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John R. Cook,* Trial Defender, *John J. Dean,* Chief, Appellate Division, and *George H. Ross,* Public Defender, for appellant.

*Charles W. Johns* and *Robert L. Eberhardt,* Assistant District Attorneys, *John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 31, 1975:
Order affirmed.

Opinion by Cercone, J., in Support of Per Curiam
Affirmance:

I join in the court's affirmance of the instant case on
the basis of the opinion of the court below.

I do not regard *Stovall v. Denno,* 388 U.S. 293 (1967)
as demarking a change in the law, and, therefore, I
regard discussions of its impact in terms of retroactivity
to be misleading at best.[1] As the Supreme Court stated
in *Stovall,* and the lower court quoted in its opinion:

> "[I]n any event the confrontation conducted in
> this case was so unnecessarily suggestive and con-
> ducive to irreparable mistaken identification that [the
> accused] was denied due process of law. *This is a
> recognized ground of attack upon a conviction inde-
> pendent of any right to counsel claim. Palmer v.
> Peyton, 359 F.2d 199 (C.A. 4th Cir. 1966).* The
> practice of showing suspects singly to persons for
> the purpose of identification, and not as part of a
> lineup, has been widely condemned." (emphasis
> added). *Stovall v. Denno,* 388 U.S. at 301-302.

Significantly, the dissent points to no cases which reached
a result contrary to *Stovall* in the United States Supreme
Court, the Third Circuit, the Pennsylvania Supreme
Court, or this court. On the other hand numerous cases
and articles which pre-date the *Stovall* decision, and were
cited by the Supreme Court as authority for the result
reached therein, indicated that such unreasonably sug-
gestive identifications were indeed violations of due
process. Appellant had access to those authorities and
could have challenged the constitutionality of his identi-

---

1. I do not conceive that my former agreement with Judge
Hoffman is inconsistent with the position I take today. When this
appellant was previously before our court [*Commonwealth v.
Owens,* 226 Pa. Superior Ct. 479 (1973)], the question was simply
whether the lower court erred in refusing to permit him to *amend*
his PCHA petition to show "extraordinary circumstances." He
having amended his position, I now agree with the lower court
that his argument must fail.

fication. I simply do not agree that the imprimatur of the Supreme Court alone, without the citation of any prior authorities to the contrary, constitutes a "change in the law" sufficient to create an extraordinary circumstance. I, therefore, consider appellant's failure to challenge the constitutionality of his identification in his first PCHA petition to be a waiver of that issue.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellant contends that the lower court erred in dismissing his second PCHA petition, on remand for leave to amend from the Supreme Court, without an evidentiary hearing.

On May 12, 1966, appellant was convicted by a jury of armed robbery, assault and battery, larceny, and receiving stolen goods. Appellant filed his first PCHA petition on December 7, 1966. This petition was dismissed after an evidentiary hearing at which appellant was represented by counsel. Appellant filed a second PCHA petition on November 12, 1971, which was dismissed without a hearing or leave to amend on August 2, 1973. From that dismissal, an appeal was taken to our Court. *Commonwealth v. Owens*, 226 Pa. Superior Ct. 479, 313 A.2d 308 (1973) (affirmed per curiam by an equally divided court; HOFFMAN, J., filed an opinion in support of reversal in which CERCONE and SPAETH, JJ., joined). The opinion in support of reversal noted that "[a]t the time of appellant's trial, in 1966, as well as at the time of the first PCHA petition, on December 7, 1966, there were no definitive safeguards for the defendant who was subjected to a line-up or other form of suggestive identification procedure. But, on June 12, 1967 (just three days before appellant's first PCHA hearing), the Supreme Court of the United States handed down what has been popularly referred to as the *Wade-Stovall-*

*Gilbert*[1] trilogy. While *Wade* and *Gilbert* have not been applied retroactively, *Stovall,* which involved the question of due process violations by the conduct of suggestive identifications, is fully retroactive[2]. . . . As appellant's first petition was filed prior to these decisions, and as his hearing was held just three days after these opinions were filed in the United States Supreme Court, appellant should be permitted to amend his petition to allege and demonstrate 'extraordinary circumstances.' " *Commonwealth v. Owens,* supra, at 481-482, 313 A. 2d at 309. The Supreme Court, on February 21, 1974, in a short per curiam order, adopted the result urged by the opinion in support of reversal, and granted the appellant leave to amend his second PCHA petition. The appellant filed an amended petition in the lower court on April 24, 1974, alleging that because the Supreme Court handed down the *Wade-Stovall-Gilbert* decisions only three days before his first PCHA hearing, exceptional circumstances were present allowing him to raise such an issue for the first time in his second PCHA petition. On July 1, 1974, the lower court denied appellant's amended PCHA petition without a hearing. This appeal followed.

The lower court's dismissal of this petition without a hearing was based on the belief that *Stovall* did not amount to a significant, retroactive change in the governing law. For reasons that are already of record, I

---

1. *United States v. Wade,* 388 U. S. 218 (1967) ; *Gilbert v. State of California,* 388 U. S. 263 (1967) ; *Stovall v. Denno,* 388 U. S. 293 (1967) (footnote in original).

2. The *Stovall* rationale has been used by the United States Supreme Court to reverse a criminal conviction as the result of a suggestive lineup antedating the *Stovall* decision. *Foster v. California,* 394 U. S. 440 (1969). Compare *Neil v. Biggers,* 409 U. S. 188 (1972). See also *Commonwealth v. Beecham,* 438 Pa. 326, 265 A. 2d 372 (1970) (appellant was convicted in 1962; Supreme Court ordered remand for PCHA hearing on *Stovall* issue).

cannot agree with this conclusion. Therefore, I believe that this case must be remanded for an evidentiary hearing.

PRICE and SPAETH, JJ., join in this dissenting opinion.