Commonwealth *v.* Whiting, Appellant.

Argued December 14, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Martin Vinikoor,* with him *Vinikoor, Fein, Criden & Johanson,* for appellant.

*Charles J. Bogdanoff,* Assistant District Attorney, with him *Joseph M. Smith,* Assistant District Attorney, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY WRIGHT, J., March 18, 1965:

Robert Whiting was indicted by the Grand Jury of Philadelphia County on Bills Nos. 1552 and 1553 December Sessions 1963, charging assault and battery and immoral practice, respectively. The defendant was represented by counsel, and pleas of not guilty were entered. Trial was held on June 17, 1964, before Honorable CHARLES L. GUERIN, sitting without a jury. After hearing the testimony, the trial judge found the defendant guilty on each bill. Sentences were suspended, and the defendant was placed on probation for a period of twenty-three months on condition that he receive psychiatric treatment. On July 13, 1964, having procured new counsel, Whiting filed a petition for a rule to show cause why motions for a new trial and in arrest of judgment nunc pro tunc should not be allowed. The court below concluded that "the within petition comes too late", and refused to grant the rule. These appeals followed.

The record discloses that appellant was a science teacher in one of the Philadelphia high schools. On November 13, 1963, B———, a male student in the senior class, remained at the end of the period to discuss his grades. The conversation "turned into something else". Appellant and B——— went from the class room to an adjoining office where appellant pulled down B———'s zipper, inserted his hand in B———'s trousers, and touched his genitals. B——— ran from

the room, related the incident to his family doctor, and eventually to his father and the school principal. B——'s father testified as to his son's complaint, and as to their visit to the school principal. A police officer testified as to his investigation of the case.

In his defense, appellant testified that his conversation with B—— concerned making up work for repeated absences. He admitted that sex was discussed, and that he said: "You must have something to get all those girls". His version of the incident was that B—— then unzipped his trousers and exposed his genitals. On cross-examination appellant was interrogated concerning, and flatly denied, a similar incident with another male student, C——. A number of witnesses testified as to appellant's good reputation. In rebuttal, C—— testified concerning a prior occasion when he was requested by appellant to report to the office and finish some notes. Appellant commenced to rub C——'s back, and inserted his hand into C——'s trousers.

In finding appellant guilty, the trial judge made the following statement: "So that counsel and the defendant may be aware of the thinking of the fact-finding body, I say that I was not at all influenced by the testimony of the witness C—— but I am convinced beyond a reasonable doubt of the guilt of the defendant from testimony given in chief by the witnesses for the Commonwealth, and particularly by the testimony of the defendant himself . . . I do not believe the defendant. I believe his story and his defense is something that is manufactured for the purpose of the defense of the case. I believe the testimony of the Commonwealth witness B——". Following the statement just quoted, a colloquy relating to sentence took place between the trial judge and appellant's counsel. At no time was there any suggestion that a post-trial motion would be filed.

It is the practice generally throughout the Commonwealth that motions for a new trial must be filed not later than four days after verdict. The Federal Rules allow a period of five days, and this time limitation is mandatory: *U. S. v. Kramer,* 172 F. Supp. 288; *U. S. v. Laurelli,* 187 F. Supp. 30. Motions for a new trial must be made prior to sentence: *Commonwealth v. Aikens,* 179 Pa. Superior Ct. 501, 118 A. 2d 205. The refusal of a new trial is not error where the motion therefor is not filed within the time prescribed by the rules of court: *Commonwealth ex rel. Perry v. Day,* 181 Pa. Superior Ct. 73, 121 A. 2d 904; *Commonwealth v. Deibert,* 106 Pa. Superior Ct. 497, 163 A. 68. Matters not properly raised in the court below may not be invoked on appeal. *Commonwealth v. Mays,* 182 Pa. Superior Ct. 130, 126 A. 2d 530, even though they involve constitutional questions: *Commonwealth v. Clark,* 198 Pa. Superior Ct. 64, 181 A. 2d 859. See also *Commonwealth v. Dalton,* 199 Pa. Superior Ct. 388, 185 A. 2d 653.

Since these appeals must be dismissed for reasons of procedure, we do not propose to discuss the questions which appellant attempts to raise. Suffice it to say that we have considered his three contentions, and do not find merit in any of them.

Appeal dismissed.