Opinion by
Hoffman, J.,
Petitioner filed a petition under the Post Conviction Hearing Act on April 11, 1967, in which he alleged, inter alia, “that he was denied his right to appeal when he was not informed of that right. . .” In light of the disposition of this case, we find it unnecessary to consider petitioner’s other allegations.
The lower court disposed of the above contention without granting an evidentiary hearing on the ground that since trial counsel did not take an appeal on behalf of petitioner, there is an implicit waiver of that right. The record is devoid of any evidence that petitioner specifically requested counsel to take his appeal, and the lower court opined that petitioner is *436 therefore precluded from now alleging that he was denied such right.
The reasoning of the lower court’s opinion is misguided and erroneously describes the law of our Commonwealth. A defendant in a criminal trial has an absolute right to appeal to the Superior Court except in cases of felonious homicide. Act of June 24, 1895, P. L. 212, §7(a), as amended, August 14, 1963, P. L. 819, §1, 17 P.S. 182. Moreover, our Supreme Court has stated that an appellant in a criminal trial has an absolute right to assistance of counsel to prosecute an appeal. If he cannot afford counsel, the court must appoint one for him. Commonwealth v. Sliva, 415 Pa. 537, 204 A. 2d 455 (1964); see Douglas v. California, 372 U.S. 353 (1963).
The lower court implicitly found a waiver of petitioner’s right to appeal on the basis of a silent record, but our cases state that a waiver cannot be inferred from a silent record. See Commonwealth ex rel. Stanley v. Myers, 209 Pa. Superior Ct. 396, 228 A. 2d 215 (1967) ; Commonwealth ex rel. Goodfellow v. Rundle, 415 Pa. 528, 204 A. 2d 446 (1964). Our Supreme Court in Commonwealth ex rel. Robinson v. Myers, 427 Pa. 104, 233 A. 2d 220 (1967), stated: “By proceeding on the assumption that appellant . . . had to vigorously assert his desire to appeal or suffer a waiver, the court below erred (citations omitted).” at 108. Consequently, if petitioner was not informed of his right to appeal, he cannot be deemed to have knowingly and intelligently waived that right. See Commonwealth v. Snyder, 427 Pa. 83, 233 A. 2d 530 (1967); Commonwealth v. Sapp, 428 Pa. 377, 238 A. 2d 208 (1968); Commonwealth v. Wilson, 430 Pa. 1, 241 A. 2d 760 (1968) .
We therefore remand the record to the court below with instructions to determine whether appellant has *437 knowingly and intelligently waived his right to appeal and the assistance of appellate counsel. If the court below finds that appellant has not waived his right to appeal, it shall appoint appellate counsel, if petitioner is found to be indigent, to prosecute an appeal nunc pro tunc. If the court finds that appellant is not indigent or has waived assistance of counsel on appeal, it shall then permit appellant to prosecute his appeal pro se.