### Commonwealth *v.* Boyd, Appellant.

Submitted April 21, 1969.  Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Donald H. Lipson,* Assistant Public Defender, for appellant.

*George J. Joseph,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, June 27, 1969:

On April 23, 1966, Robert W. Boyd was convicted by a jury in Lehigh County of murder in the second

degree. He was represented by court-appointed counsel. About thirty minutes after the rendition of the jury's verdict, Boyd's counsel informed the trial court, in the presence of Boyd, that he had advised Boyd "of all of his rights . . . and Robert [Boyd] is of the opinion that he does not want to appeal from the judgment of the jury and is ready at this time to have sentence imposed upon him." After questioning Boyd personally to determine if he fully comprehended what his counsel had told him and if he wished to be sentenced immediately; and upon receiving answers in the affirmative, the court imposed a prison sentence of 10 to 20 years. No appeal was entered from the judgment.

On December 23, 1966, Boyd filed pro se a "Motion in arrest of judgment or new trial[1] nunc pro tunc." The court issued a rule upon the district attorney to show cause why the requested relief should not be granted. On June 16, 1967, Boyd filed a paper designated "Supplemental Reasons in Support of Habeas Corpus Petition." The court directed that the "Supplemental Reasons" should be regarded as additional grounds in support of the original motion. Counsel was then appointed to represent Boyd and later a hearing on the motions was conducted. Subsequently, the court dismissed the motions and Boyd filed this appeal.

The sole question raised by Boyd's counsel in the brief presented to this Court is whether or not the lower court erred in refusing Boyd the right to file post-trial motions nunc pro tunc in the trial court. We have no difficulty with this issue. The record amply supports the lower court's finding that Boyd voluntarily and knowingly waived his right to file these motions.

---

[1] The Rules of Court of Lehigh County require that such motions be filed within five days of the recording of the verdict.

The record affirmatively discloses that immediately after the jury's verdict was recorded, Boyd, in the presence of a friend, conferred with his counsel for approximately thirty minutes; that counsel advised Boyd of his right to seek a new trial and also told him that in his [counsel's] opinion error had been committed during the trial and "there was ground for a new trial"; that despite this advice, Boyd told his counsel that he would not challenge the jury's verdict and that it was his desire to be sentenced immediately. This constituted an effective waiver of Boyd's right to file post-trial motions in the trial court.

It is urged that, despite Boyd's decision not to attack the jury's verdict on the day the verdict was recorded, he still had the right to change his mind within the five-day period allowed for filing post-trial motions, and that the failure of Boyd's trial counsel to contact him during this time to see if such a change of mind had occurred constituted an impermissible constitutional abandonment.

In the first place, there is nothing in the record to show that Boyd did change his mind within the permissible time for filing such motions. Secondly, in view of Boyd's unequivocal notice to his counsel that he did not wish to file any new trial motions, counsel was completely justified in assuming that his decision was final; if a change of heart occurred it was Boyd's responsibility to bring this to counsel's attention.

Order affirmed.