**UNITED STATES of America ex rel. Robert BOYD, H–5508, Appellant,**

v.

**Alfred T. RUNDLE, Superintendent.**

**No. 18564.**

United States Court of Appeals, Third Circuit.

Submitted Dec. 14, 1970.

Decided Dec. 29, 1970.

Robert W. Boyd, H-5508, pro se.

W. F. Steigerwalt, Asst. Dist. Atty., Allentown, Pa., for appellee.

Before HASTIE, Chief Judge, and FREEDMAN and GIBBONS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This is an appeal from the denial of a writ of habeas corpus. Petitioner was convicted by a jury in Lehigh County, Pennsylvania, of second degree murder on April 23, 1966. Following the jury verdict he conferred with his court-appointed counsel, who advised him of his right to file post-trial motions and to appeal. He was told that he need not make a decision on post-trial motions immediately, but could be returned to jail and confer with counsel later. He decided, instead, to waive the making of post-trial motions and to be sentenced immediately. The Lehigh County Court thereupon sentenced him to a term of ten to twenty years in prison, on which sentence he is still in custody. Eight months after his sentencing petitioner filed in the Lehigh County

Court a motion presenting the issue whether he had intentionally relinquished the right to file post-trial motions. Under Pennsylvania practice the filing of such motions is a prerequisite to an appeal in a criminal case. See Commonwealth v. Whiting, 205 Pa.Super. 92, 208 A.2d 1 (1965). The county court held an evidentiary hearing, decided that petitioner had intentionally relinquished the right to file post-trial motions, and denied relief. The Supreme Court of Pennsylvania affirmed. Commonwealth v. Boyd, 435 Pa. 152, 254 A. 2d 626 (1969). A petition for federal habeas corpus followed. In this petition he asserted that he had not been advised of his appeal rights, had not been advised of the right of an indigent to have counsel assigned to prosecute an appeal, and had not been afforded a transcript of his trial prior to the expiration of the time to file post-trial motions. The district court upon reviewing the state court record concluded that the Lehigh County evidentiary hearing satisfied the requirements of 28 U.S.C. § 2254 and of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). It denied the writ without an evidentiary hearing. We affirm. The state court proceedings establish that petitioner was fully advised of his right to appeal, of the possible grounds for appeal, of the chances of success, and of the willingness of counsel to pursue an appeal on his behalf.[1] His decision to waive the filing of post-trial motions was uncoerced. Any inadequacy in the state court record with respect to the attorney's advice or the petitioner's state of mind at the time of sentencing is cured by the record made in the Pennsylvania post-conviction proceedings. That record discloses that petitioner's decision to forego filing post-trial motions and hence to forego an appeal, was a knowledgeable and voluntary decision. There is no basis for federal habeas corpus relief.

Petitioner has presented to this court a motion to penalize the appellee for failing to file a timely brief. Petitioner's brief as appellant was filed on May 14, 1970. Appellee's brief was due on June 16, 1970. Inquiry by the Clerk of this court to the Assistant District Attorney of Lehigh County failed to produce results. On October 12, 1970, the Chief Judge of this court advised the Assistant District Attorney of Lehigh County that the court would consider the imposition of sanctions on him, as well as the release of appellant on bail, if appellee's brief was not properly filed by October 23, 1970. Appellee met this filing date.

We deny petitioner's motion for imposition of sanctions. We take this occasion to point out, however, that we will not tolerate the practice by some public appellees, which we have found to be all too common, of postponing our consideration of appeals from the denial of habeas corpus petitions by the expedient of neglecting to file timely briefs. The court cannot permit itself to be placed in the position where it must either perform the research which should be done by the public representative of a habeas corpus respondent or accept the petitioner's contentions and release him on bail pending appeal. We have on other occasions directed prosecuting attorneys to show cause why they should not be suspended from practice in this court for such inexcusable neglect. We will do so in the future.

The order of the district court will be affirmed.

1. Cf. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).