## Commonwealth v. James, Appellant.

Submitted November 9, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Oscar Brown,* for appellant.

*James T. Owens* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, April 22, 1971:

In 1961, appellant, then a 15 year old boy, charged with the slaying of a lifeguard at a community swimming pool, was certified from juvenile court to criminal court in Philadelphia. Represented by two court-appointed counsel, appellant pleaded guilty to murder generally. After a degree of guilt hearing before a three-judge court, James was convicted of murder in the first degree and sentenced to life imprisonment. No post-trial motions were filed nor was an appeal taken.

In May, 1966, appellant filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. ("the Act"), in which he claimed: (1) that his confession, obtained when he was unrepresented by counsel, had been coerced and was wrongfully introduced into evidence; (2) that his guilty plea was unlawfully induced in that counsel had advised him to plead guilty because of his confession; and (3) that his trial counsel had been ineffective. A two day hearing was held on this petition, at which appellant was represented by counsel and testified in his own behalf. The petition was denied, and no appeal was taken.

On April 26, 1968, 21 days after the hearing judge issued his order on appellant's first PCHA petition and 9 days before the time for appeal from the denial of that first petition had run, appellant filed a second PCHA petition in which the claims were substantially the same as those he had asserted in the first petition.[1] In October, 1968, prior to any action having been taken on the second petition, appellant filed a third PCHA

---

[1] In addition, the second petition contained a request, repeated in the form of a motion attached to the petition, that if the requested relief were denied, the court order appellant's counsel to appeal to the Supreme Court within the 30 days allowed by statute, citing 19 P.S. §1180-11.

petition, which he titled "Amended petition pursuant to Section 7".[2] In this petition appellant raised all constitutional claims above noted, and, in addition, for the first time asserted that he was not told of his right to appeal from the dismissal of his first PCHA petition.[3] (At no time has appellant claimed that he was denied his right to appeal from his conviction and sentence.).

New counsel for appellant was appointed and a hearing was held on the second petition, as amended. The petition was thereafter denied and dismissed, and this appeal followed.

The hearing judge based his decision both on procedural and substantive grounds. He held, first, that appellant's three claims of constitutional infirmity (coerced confession, unlawfully induced guilty plea and ineffectiveness of counsel) had been either finally litigated or waived within the meaning of §4 of the Act. He noted that no direct appeal from the judgment of sentence had been taken, and that the issues raised and heard before him had been litigated in the first PCHA proceeding, with no appeal taken from the adverse determination. While observing that the proper challenge to the decision denying the first PCHA petition was through appeal and not collateral attack, the court nevertheless went on to consider the case on its merits.[4]

---

[2] Although this third PCHA petition is technically just that, the court below considered it as an amendment to the second petition, and in our review we have done likewise.

[3] The petition, in paragraph 7, refers to the two prior post-conviction proceedings, "one dismissed, the other still pending" and then states, "Never advised he could appeal." Though inartistically presented, we have considered this as a properly asserted claim of denial of the right to appeal from the order denying the first petition. See *Commonwealth v. Davis*, 433 Pa. 267, 249 A. 2d 766 (1969).

[4] The court did not specifically advert to or consider the assertion, noted in footnote 3, that petitioner had not been advised of

He determined, both from the trial record and the transcript of the first post-conviction proceeding, that appellant's confession, judged by pre-*Miranda* standards, was valid and that the guilty plea was valid. The judge did not explicitly consider the charge of ineffectiveness of counsel (although noting that appellant had been "represented by two able lawyers" when he tendered his plea), but did so implicitly, since that charge was bottomed on the first two propositions.

We agree with the court below that there has here been final litigation or waiver under §4 of the Act.[5]

Order affirmed.

Mr. Justice COHEN took no part in the decision of this case.

---

his right to appeal from the first PCHA order. This assertion is subject to some doubt, in the light of the request, noted in footnote 1, that an appeal be taken in the event of denial of the second PCHA petition. In any event, the point was not mentioned at the second hearing, and may be considered as abandoned.

[5] We have, nevertheless, as did the lower court, reviewed the complete record and considered all of the substantive points ably advanced in appellant's counsel's brief on this appeal. We are satisfied that appellant's constitutional rights were in no way violated at any stage of the proceedings.