222 Pa. Superior Ct. 283 (1972)
Commonwealth
v.
Sumpter, Appellant.
Superior Court of Pennsylvania.
Submitted April 10, 1972.
September 15, 1972.
*284 Before WRIGHT, P.J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.
Sallie Ann Radick and John J. Dean, Assistant Public Defenders, and George H. Ross, Public Defender, for appellant.
Carol Mary Los and Robert L. Campbell, Assistant District Attorneys, and Robert W. Duggan, District Attorney, for Commonwealth, appellee.
OPINION BY SPAULDING, J., September 15, 1972:
Appellant Bernell Sumpter, was charged with sodomy, rape, robbery, armed robbery, indecent assault, indecent liberties and corrupting the morals of a minor. He waived trial by jury, and on January 16, 1970, was adjudged guilty on all counts; he was sentenced to an aggregate term of not less than ten nor more than twenty years in prison. No post-trial motions were filed.
*285 He now appeals from the denial of his petition brought pursuant to the Post Conviction Hearing Act.[1] After a hearing, the court denied appellant's P.C.H.A. petition, but granted him leave to appeal the legality of his sentence nunc pro tunc. The only question for review is whether appellant is estopped from challenging the legality of his conviction by waiver of this right to file post-trial motions.
Following his finding the appellant guilty on all counts, the trial judge advised appellant of his right to file post-trial motions within 7 days and of his right to be afforded counsel for that purpose. After an off-the-record discussion between appellant and his court-appointed counsel, the record indicates the following colloquy: "Mr. Baxter [Counsel for Appellant]: Your Honor, the defendant has asked me to put on the record at this time that he would prefer to be sentenced right now rather than have a pre-sentence investigation. The Court: That is his desire, is this correct? The Defendant: Yes, sir. The Court: Mr. Sumpter, you fully understand your right to file post-conviction motions within a period of seven days, you fully understand that? The Defendant: Yes, sir. The Court: You understand that you would have a right to ask for a new trial and allege any errors that may have been made in the trial, do you understand that? The Defendant: Yes, sir. The Court: Are you telling this Court that you don't want to do that? The Defendant: No, sir. The Court: Is it your desire to be sentenced now? The Defendant: Yes, sir. . . ." (N.T. 175-76) Sentence was imposed, and appellant was advised by the court of his right to appeal from the sentence within 45 days. No post-trial motions were filed. During all of the *286 proceedings, appellant was represented by court-appointed counsel.
Subsequently, in three letters dated January 28, 1970, February 6, and March 8, appellant advised the trial judge that he wished to exercise his right of appeal. As the trial judge was on vacation during this time, these letters were not brought to his attention until after the expiration of the 45-day period. On March 16, 1970, a letter was forwarded to the office of the Public Defender by Harry Segal, Chief Minute Clerk, advising of appellant's desire to have counsel appointed to prosecute his appeal.
On April 9, 1970, an appeal from the judgment of sentence was filed in this Court. On December 14, 1970, appellant's petition to remand to the lower court for the purpose of filing a motion for a new trial was granted. This remand was administrative and was in no way determinative on the question of waiver.
Motions for new trial and in arrest of judgment were filed on January 4, 1971. On March 24, 1971, these motions were withdrawn so that all challenges could be heard on a P.C.H.A. petition. The evidentiary hearing on appellant's post-conviction petition was held on May 6, 1971.
As appellant's petition is no model of specificity,[2] we must infer from the record of the P.C.H.A. hearing and appellant's motion for new trial, which was subsequently withdrawn, that he is challenging his conviction on the grounds that:
*287 1. Evidence used against him was gained through an unlawful arrest and an unconstitutional search and seizure;
2. His identification was tainted by a line-up at which he was uncounseled;
3. Perjured testimony was used against him;[3] and
4. Counsel was ineffective.
With the exception of the claim of ineffective counsel, all of these issues may be deemed either waived or finally litigated under Section 4 of the Post Conviction Hearing Act if appellant intelligently waived his right to file post-trial motions.[4]Commonwealth v. Boyd, 435 Pa. 152, 254 A. 2d 626 (1969); see Commonwealth v. Gilmer, 441 Pa. 170, 270 A. 2d 693 (1970).
The judicial presumption is always against the waiver of rights, particularly rights so basic as the opportunity to challenge one's conviction. Johnson v. Zerbst, 304 U.S. 458, 58 S. Ct. 1019 (1938); Commonwealth v. Norman, 447 Pa. 217, 285 A. 2d 523 (1971). And under no circumstances will a waiver be inferred from a silent record. Commonwealth ex rel. Goodfellow v. Rundle, 415 Pa. 528, 204 A. 2d 446 (1964). However, where the record indicates that every reasonable safeguard was exercised to assure that a decision to waive was not provoked by either ignorance of the consequences or physical or psychological duress, we are justified in foreclosing the later assertion of claims affected by that waiver.
In Commonwealth v. Boyd, supra,[5] our Supreme Court found that there had been a valid waiver of the *288 right to file post-trial motions where, after conferring with counsel and being told that there was a ground for a new trial, and after being advised of his right to appeal, appellant told counsel that he did not wish to challenge the verdict and expressed his desire to be sentenced immediately. In the instant case, not only did appellant have an opportunity to confer with counsel after the rendering of the verdict, but he was also warned by the court about the consequences of his decision and questioned about his understanding of those consequences. After these preliminaries, appellant indicated his desire to abandon his opportunity to file post-trial motions and to proceed with sentencing immediately. As appellant has failed to rebut the strong presumption of the validity of his waiver raised by the record by the showing of extraordinary circumstances, we must conclude that the waiver was intelligent and forecloses collateral attack on his conviction.
As to appellant's claim that counsel was ineffective, we perceive nothing in either the trial transcript or the evidence adduced at the P.C.H.A. hearing which would indicate inadequate advocacy according to the standards promulgated in Commonwealth ex rel. Washington v. Maroney, 427 Pa. 599, 235 A. 2d 349 (1967). Counsel's actions were quite reasonable with regard to the handling of the trial generally as well as to appellant's waiver of post-trial motions.[6]
For the aforegoing reasons, we conclude that the court below was correct in limiting relief to allowance to appeal the legality of the sentence, nunc pro tunc.
Order affirmed.
*289 CONCURRING OPINION BY HOFFMAN, J.:
While I agree with the result reached by the majority, I believe that the route taken in reaching this result is erroneous and will briefly state my reasons.
The majority holds that appellant's waiver of his right to file post-trial motions automatically operated as a waiver of his right to raise allegations of trial error on direct appeal[1] or in a collateral attack[2] under the Post Conviction Hearing Act.[3] While the colloquy on the record, as the majority indicates, clearly demonstrates that appellant knowingly and voluntarily waived the right to file post-trial motions, there is no indication whatsoever that appellant knew at that time that this waiver would foreclose all future opportunity to challenge errors that may have been made at trial. Because I cannot impute to the appellant knowledge of the procedural consequences which result from waiving the right to file post-trial motions, and since appellant was not advised by the trial judge concerning these consequences, I cannot agree that appellate or collateral consideration of these allegations of trial error was intelligently waived. See Commonwealth v. Gilmer, 441 Pa. 170, 270 A. 2d 693 (1970).
Since the waiver of appellant's right to file post-trial motions was not made with full awareness of the consequences thereof, the hearing judge should have allowed the filing of these motions nunc pro tunc and a direct appeal would have followed the denial. See Commonwealth v. Taylor, 439 Pa. 321, 266 A. 2d 676 (1970).
The hearing judge below, stating that "it is not clear that [appellant's] failure to file motions did not *290 operate as a waiver" of his rights to petition for relief under the Post Conviction Hearing Act, nevertheless considered appellant's allegations of error and decided each claim adversely to appellant. In Taylor, supra, following a similar P.C.H.A. determination, the Supreme Court considered the appeal as if it were directly from the initial conviction. Because I do not think that appellant ever intelligently waived his right to appeal, a similar treatment should be accorded this appeal. On the substantive issues raised as error, I agree with the lower court and the majority that all claims are without merit. I would, therefore, affirm the conviction.
NOTES
[1] Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180 et seq.
[2] Appellant alleged the following in his petition:

1. denial of his right to appeal;
2. his privilege against self-incrimination had been abridged; and
3. a right guaranteed by the Constitution or laws of the United States or Pennsylvania had been abridged.
[3] He supports this claim by his assertion that "signs" were being exchanged among the Commonwealth's witnesses and/or counsel.
[4] The filing of post-trial motions is a prerequisite to an appeal in a criminal case. Commonwealth v. Whiting, 205 Pa. Superior Ct. 92, 208 A. 2d 1 (1965).
[5] See also U.S. ex rel. Boyd v. Rundle, 437 F. 2d 405 (1970).
[6] Although the P.C.H.A. judge believed that appellant was precluded from attacking his conviction collaterally by his failure to timely file post-trial motions, he proceeded to determine the substantive claims raised by appellant's petition as if there had been no waiver. We concur in the court's determination of those claims adversely to the appellant.
[1] Commonwealth v. Whiting, 205 Pa. Superior Ct. 92, 208 A. 2d 1 (1965).
[2] Commonwealth v. Boyd, 435 Pa. 152, 254 A. 2d 626 (1969).
[3] Act of January 25, 1966, P.L. (1965) 1580, § 4, 19 P.S. § 1180-4.