*289 Concurring Opinion by
Hoffman, J.:
While I agree with the result reached by the majority, I believe that the route taken in reaching this result is erroneous and will briefly state my reasons.
The majority holds that appellant’s waiver of his right to file post-tidal motions automatically operated as a waiver of his right to raise allegations of trial error on direct appeal[1] or in a collateral attack[2] under the Post Conviction Hearing Act.[3] While the colloquy on the record, as the majority indicates, clearly demonstrates that appellant knowingly and voluntarily waived the right to file post-trial motions, there is no indication whatsoever that appellant knew at that time that this waiver would foreclose all future opportunity to challenge errors that may have been made at trial. Because I cannot impute to the appellant knowledge of the procedural consequences which result from waiving the right to file post-trial motions, and since appellant was not advised by the trial judge concerning these consequences, I cannot agree that appellate or collateral consideration of these allegations of trial error was intelligently waived. See Commonwealth v. Gilmer, 441 Pa. 170, 270 A. 2d 693 (1970).
Since the waiver of appellant’s right to file post-trial motions was not made with full awareness of the consequences thereof, the hearing judge should have allowed the filing of these motions nunc pro tunc and a direct appeal would have followed the denial. See Commonwealth v. Taylor, 439 Pa. 321, 266 A. 2d 676 (1970).
The hearing judge below, stating that “it is not clear that [appellant’s] failure to file motions did not *290 operate as a waiver” of Ms rigMs to petition for relief under tbe Post Conviction Hearing Act, nevertheless considered appellant’s allegations of error and decided each claim adversely to appellant. In Taylor, supra, following a similar P.C.H.A. determination, the Supreme Court considered the appeal as if it were directly from the initial conviction. Because I do not think that appellant ever intelligently waived his right to appeal, a similar treatment should be accorded this appeal. On the substantive issues raised as error, I agree with the lower court and the majority that all claims are without merit. I would, therefore, affirm the conviction.

 Commonwealth v. Whiting, 205 Pa. Superior Ct. 92, 208 A. 2d 1 (1965).

 Commonwealth v. Boyd, 435 Pa. 152, 254 A. 2d 626 (1969).

 Act of January 25, 1986, P. L. (1965) 1580, §4, 19 P.S. §1180-4.