## Commonwealth v. Graff

*Dale Reichley*, for Commonwealth.
*Frank Gallagher*, for petitioner.

GARB, *J.*, April 19, 1976—Defendant has filed a petition under the Post Conviction Hearing Act of January 25, 1966, P.L. (1965) 1580, sec. 1, 19 P.S. §1180-1 et seq. Counsel was appointed to represent defendant in this proceeding and a hearing was held on the merits. We herein deny petitioner's request for relief.

Petitioner was indicted on February 21, 1975, by the grand jury of Bucks County and charged in the said indictment with the crimes of burglary, criminal attempt, and two counts of conspiracy. The case was tried before the undersigned and a jury beginning on April 10, 1975, and at the close of the trial a verdict of guilty on all counts returned by the jury. Immediately after the verdict defendant elected to be sentenced immediately, waiving his rights to file

post-trial motions. Sentence was thereupon imposed of not less than 11 nor more than 23 months in the Bucks County Prison to begin and be computed from October 29, 1974, the date of the arrest, and shortly thereafter this petition was filed.

Essentially, by this petition, defendant seeks a new trial for the assigned reason of ineffectiveness of counsel. In such cases we are mandated to conduct an independent review of the record and an examination of counsel's stewardship in light of the available alternatives. Our inquiry ceases, however, and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests. The test is not whether other alternatives, tactically or strategically, are more reasonable, employing a hindsight evaluation of the record. Although we must weigh the alternatives, the balance tips in favor of a finding of effective assistance of counsel as soon as it is determined that the trial counsel's decisions had any reasonable basis: Com. ex rel. Washington v. Maroney, 427 Pa. 599, 235 A. 2d 349 (1967). See also Com. v. Robinson, 452 Pa. 316, 305 A. 2d 354 (1973); Com. v. Hill, 450 Pa. 477, 301 A. 2d 587 (1973); Com. v. Sullivan, 450 Pa. 273, 299 A. 2d 608 (1973). The burden of proving the ineffectiveness of counsel rests upon petitioner: Com. ex rel. Washington v. Maroney, supra.

Applying these standards a review of the record fails to indicate any deficiencies in counsel's stewardship in his representation of defendant in this case. The Commonwealth's case consisted almost entirely of the testimony of the victim of the burglary who testified that he came home while the

burglary was in progress and actually confronted defendant at his back door for a period of five to ten seconds. Based upon that confrontation he definitely and affirmatively identified defendant as the person who committed the burglary. He likewise identified one Christine Hobbs who was parked in an automobile in front of the victim's house when the victim arrived and who drove the automobile in which defendant fled after he left the victim's home.

Christine Hobbs testified for the Commonwealth that she was acquainted with defendant and had been living with him for some period of time immediately prior to the burglary but that she could not remember whether she had taken defendant to the victim's home on the day in question. She likewise testified that she previously pled guilty to charges arising out of this incident including conspiring with defendant.

The defense was one of alibi and counsel presented three independent witnesses who testified that defendant was with them on a construction job in Philadelphia at the precise time that the burglary was said to have occurred. Defendant did not testify. We fail to find from this presentation of the defense any evidence whatsoever of counsel's ineffectiveness or incompetency. A motion to suppress the identification testimony had been filed by the Public Defender's office, trial counsel being a member of the Public Defender's staff, and a hearing held on March 6, 1975. At the close of that hearing the motion to suppress the identification testimony of the victim was denied. Therefore, the matter of admission into evidence of the identification had already been established at the time of trial.

• • •

Petitioner complains that he did not voluntarily waive his right to file post-trial motions immediately upon the verdict of the jury. Prior to the imposition of sentence and after the entry of the verdict, the court requested counsel to indicate his desires with regard to the filing of post-trial motions or standing for sentence. Counsel conducted a consultation with petitioner as a result of which petitioner represented to counsel and to the court that he desired to have sentence imposed. An extensive colloquy was then conducted between the court and petitioner to establish that petitioner understood his rights regarding post-trial motions and the effect of his giving them up. He specifically stated upon query by the court that he understood that he had rights to file motions in arrest of judgment or for a new trial to question either the sufficiency of the evidence or any trial errors which might have occurred. He was specifically told that a successful motion in arrest of judgment would result in a dismissal; and that a successful motion for a new trial would result in a new trial. He was likewise advised and he stated that he understood that these motions must be filed in writing within seven days and that if they were not filed and sentence imposed he would be thereby giving up his right to file such motions. He was likewise advised and he likewise stated that he understood that if he gave up his right to file these motions the questions which could be raised in such motions could not be preserved on appeal and he would therefore be giving up his right to appeal on these questions. He stated that he understood these things and that notwithstanding he wished to be sentenced and wished to give up his right to file these motions. He

stated that his desire to give up or to waive the filing of these motions was his own voluntary act. We are satisfied that this colloquy on the record clearly and unequivocally establishes that the petitioner voluntarily waived his rights to file these motions. He cannot now be heard to claim that this was a mere formality and that the court was in some way not serious in conducting this colloquy. See Com. v. Eckhart, 457 Pa. 483, 326 A. 2d 308 (1974).

Petitioner likewise asserts that he agreed to the immediate imposition of sentence, thereby waiving his rights to file post-trial motions, but that he did so only upon the advice of counsel to the effect that although there may have been error in the trial it was not of such magnitude to constitute reversible error and that it would be in his best interest to be sentenced then rather than after the allegedly fruitless prosecution of post-trial motions. He assigns this advice as ineffectiveness of counsel. He agrees that the on record colloquy as heretofore set forth was conducted and that he understood the nature of that colloquy and was aware of the rights he would be forfeiting upon the immediacy of sentence.

Trial counsel admitted at this hearing that he did give the foregoing advice to petitioner and that it was his opinion then and continued to be that the post-trial motions would be fruitless and that it was in petitioner's best interest to stand for sentencing at that time. He testified that after the verdict he discussed the matter of sentencing or of filing post-trial motions with petitioner and advised petitioner of his various alternatives at that time. He testified that it was his opinion as enunciated to petitioner that petitioner would receive a lesser sentence if sentence was imposed then rather than after the prosecution of post-trial motions. He testified that

he advised petitioner that an immediate sentence would be a waiver of a right to file post-trial motions which would likewise be a waiver of his right to prosecute an appeal for those same reasons. He testified that petitioner determined that he wished to be sentenced at that time.

In advising petitioner not to file post-trial motions, and therefore waive his rights to appeal, the trial counsel assigned a number of reasons which he advanced at that time. As stated, it was counsel's opinion that petitioner would receive a lesser sentence if he was sentenced then rather than after the prosecution of post-trial motions. He gave that advice because he was aware of the fact that petitioner had been involved in some trouble while in the prison and he hoped to have petitioner sentenced before evidence of that difficulty could be presented to the court. He was, furthermore, aware that petitioner had been charged in another case and he desired to have the undersigned impose sentence on this case first so that it might constitute a guideline to a subsequent sentencing judge. Furthermore, if sentence were imposed at that time, counsel felt that petitioner would receive a lesser sentence because he would have one less conviction on his record. He testified that he did not tell petitioner that he had no ground for appeal. Based upon this reasoning, we cannot find that counsel lacked any valid basis for his tactical decision in giving this advice to petitioner. Petitioner was fully confronted with all of the alternatives, fully understood his rights in the nature of any rights which he might be waiving, and independently made the decision to proceed to sentencing, thus waiving his post-trial motions and subsequent appeal.

Obviously a waiver of right to appeal cannot be

inferred from a silent record: Com. v. Knuckles, 212 Pa. Superior Ct. 434, 243 A. 2d 209 (1968). While on a silent record the Commonwealth has the burden of showing that defendant waived his right to appeal and must show that he knew of his right to appeal, knew that he had a right to counsel on appeal and if indigent the right to have one appointed: see Com. v. Hill, 231 Pa. Superior Ct. 371, 331 A. 2d 777 (1974); Com. v. Wallace, 229 Pa. Superior Ct. 172, 323 A. 2d 182 (1974); Com. v. Perrine, 223 Pa. Superior Ct. 486, 302 A. 2d 432 (1973); Com. v. Harris, 443 Pa. 279, 278 A. 2d 159 (1971); and Com. v. Mumford, 430 Pa. 451, 243 A. 2d 440 (1968); the record here is not silent in the face of the extended colloquy conducted on the record and in the presence of the court prior to the imposition of sentence. Equally as obviously, defendant can knowingly and intelligently waive his post-trial motions and be sentenced immediately following the recording of the verdict: Com. v. Boyd, 435 Pa. 152, 254 A. 2d 626 (1969). There obviously can be a waiver of right to appeal itself: Com. v. Henderson, 231 Pa. Superior Ct. 190, 331 A. 2d 824 (1974); Com. v. Reagen, 447 Pa. 186, 290 A. 2d 241 (1972). An effective waiver of appeal can be demonstrated on the record: Com. v. Wallace, 427 Pa. 110, 233 A. 2d 218 (1967); Com. v. Wilson, 430 Pa. 1, 241 A. 2d 760 (1968).*

• • •

We are satisfied from the record before us, as heretofore explicated, that petitioner has effectively waived his right to file post-trial motions and

---

*We would note only as an aside that from our perusal of the record counsel's observations regarding the possibility of successful post-trial motions cannot be gainsaid.

to take an appeal from the conviction. Matters cognizable on appeal cannot be raised by a Post Conviction Hearing Act application where the right to appeal has been effectively waived: Com. v. Via, 455 Pa. 373, 316 A. 2d 895 (1974); Com. v. Newsome, 444 Pa. 586, 281 A. 2d 904 (1971). Petitioner has raised no new reasons in support of his contention of an infirm waiver, and therefore any matters which he could possibly prosecute on appeal are waived in the context of this case: Com. v. Wilson, 452 Pa. 376, 305 A. 2d 9 (1973). Furthermore, an issue can be waived on the advice of counsel where he has elected a deliberate bypass, and that waiver is binding on the defendant: Com. v. Schmidt, 452 Pa. 185, 299 A. 2d 254 (1973). A waiver can be found under section 4 of the Post Conviction Hearing Act where the record amply supports it and in that case it is presumed that it was a knowing waiver and the burden is on defendant to show the contrary: Com. v. Butler, 443 Pa. 545, 278 A. 2d 911 (1971); Com. v. James, 442 Pa. 362, 276 A. 2d 505 (1971); Com. v. Kravitz, 441 Pa. 79, 269 A. 2d 912 (1970).

For the foregoing reasons petitioner's application under the Post Conviction Hearing Act will be denied, dismissed and overruled.

## ORDER

And now, April 19, 1976, it is hereby ordered, directed and decreed that the within petition for a new trial under and pursuant to the provisions of the Post Conviction Hearing Act is denied, dismissed and overruled.