412 A.2d 529

**COMMONWEALTH of Pennsylvania**

v.

**David M. BROWN, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 21, 1980.

Decided March 20, 1980.

William J. Furber, Jr., Norristown, for appellant.

John T. Salvucci, Asst. Dist. Atty., Joseph A. Smyth, Norristown, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

OPINION OF THE COURT

ROBERTS, Justice.

Appellant David M. Brown appeals to this Court for relief under the Post Conviction Hearing Act. Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq., 19 P.S. §§ 1180-1 et seq. Finding no error in the order of the PCHA court denying appellant's petition, we affirm.

On April 19, 1965, appellant pleaded guilty to murder generally. After a two day hearing, he was adjudicated guilty of murder of the first degree and sentenced to life imprisonment. Appellant took no appeal from judgment of sentence. On April 11, 1966, appellant filed his first PCHA petition. The petition was denied after a hearing and appellant took no appeal.

In his second PCHA petition, filed January 8, 1969, appellant raised several issues. Most pertinent here is appellant's assertion that his guilty plea was induced by the prosecutor's promise to place a letter in appellant's file recommending commutation after ten years of appellant's life sentence. Appellant contended that the prosecutor's failure to comply with this agreement provided a ground for withdrawal of the plea. The PCHA court rejected this claim, finding that

"2. There was no plea bargaining in which the court participated and the defendant was informed and said he understood that the court had made no commitment, promise or guarantee of leniency;

3. Petitioner's plea of guilty was not induced by a promise that he would be released from incarceration within 10 years."

Additionally appellant claimed that he had not been informed of his right to appeal from judgment of sentence. On this ground the court granted him the opportunity to appeal as though timely filed. See *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Commonwealth ex rel. Light v. Cavell,* 422 Pa. 215, 220 A.2d 883 (1966); *Commonwealth ex rel. Cunningham v. Maroney,* 421 Pa. 157, 218 A.2d 811 (1966). Appellant then took such an appeal to this Court. He did not contest the PCHA court's adverse ruling on his commutation claim. Instead, appellant argued that his guilty plea should be vacated because of his incompetency to enter a guilty plea, counsel's ineffectiveness, and an invalid arrest. This Court denied relief. *Commonwealth v. Brown,* 443 Pa. 21, 275 A.2d 332 (1971). Our determination as to these claims is final and conclusive.

In the third and present petition, appellant again seeks post conviction relief on the ground that his guilty plea was unlawfully induced by the prosecutor's alleged promise to recommend commutation.[1] The PCHA court held that this issue cannot now be raised in this PCHA proceeding because it was "finally litigated" upon adjudication of appellant's second PCHA petition. See 19 P.S. § 1180-4(a)(1). We agree. The Post Conviction Hearing Act directs that a "finally litigated" claim cannot be relitigated. See 19 P.S. § 1180-3(d); *Commonwealth v. Hill,* 457 Pa. 1, 8, 319 A.2d 886, 890 (1974). An issue raised under the PCHA is "finally litigated" if it was disposed of in a prior PCHA petition, and the petitioner knowingly and understandingly failed to appeal that disposition. See 19 P.S. § 1180-4(a)(1); *Commonwealth v. James,* 442 Pa. 362, 276 A.2d 505 (1971). There is and indeed can be no dispute that the commutation claim now urged by appellant in his third petition was adjudicated by the PCHA court in his second petition, and that appellant knowingly and understandingly failed to appeal that adjudication.

Appellant seeks to avoid the bar of finality by asserting that his commutation claim did not become ripe for judicial resolution until he served ten years of his sentence.[2] Thus, contends appellant, the second PCHA court, which heard appellant's claim only four and one-half years after imposition of sentence, lacked jurisdiction to consider the merits of his commutation claim. Appellant, however, advances no just or acceptable basis for permitting him presently to raise his "ripeness" claim. Appellant initiated the very proceeding he now attacks. Appellant suggests no circumstance which prevented him from interposing this objection during the second PCHA proceeding. No interest of justice—proce-

1. Counsel has been made available to appellant at every stage of this case.

2. Appellant sought a writ of habeas corpus in federal court after this Court in 1971 denied relief. According to appellant, a federal magistrate refused to consider his commutation claim because it was "premature." This Court, of course, is not in any respect bound by that view.

dural or substantive—would be promoted by now permitting relitigation of the commutation claim.

In any event, appellant's ripeness argument lacks merit. This Court has held that, based on considerations of fairness and judicial economy, a "writ of habeas corpus may be sought in postconviction attacks on the validity of a final judgment of conviction even though the petitioner has not yet begun to serve the sentence imposed." *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 20, 213 A.2d 613, 624 (1965); see *Peyton v. Rowe,* 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968) (prisoner may use habeas corpus to challenge the validity of the second of two consecutive sentences while serving the first in order to minimize the chances of disappearing witnesses and dimmed memories). So too, considerations of fairness and judicial economy permitted the PCHA court in 1969 to decide appellant's second PCHA petition on the merits. The record demonstrates that the prosecutor disputed appellant's claim that an agreement had been entered which induced the guilty plea. Appellant's commutation claim was therefore ripe at the time of his second PCHA proceeding. It is clear that the fact-finder at that proceeding upon sufficient evidence rejected appellant's commutation claim. That determination is final and conclusive.

The order of the PCHA court is affirmed.