**Lorin JOHNSON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 84–1174.**

District of Columbia Court of Appeals.

Submitted Jan. 30, 1986.

Decided Aug. 5, 1986.

Dennis M. Hart, Washington, D.C., was on brief, for appellant.

James Klein and Jennifer P. Lyman, Public Defender Service, Washington, D.C.,

amicus curiae, filed a supplemental memorandum as requested by the court.

Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Linda Turner Hamilton, and Thomas J. Tourish, Asst. U.S. Attys., Washington, D.C., were on brief and supplemental memorandum for appellee.

Before NEBEKER, ROGERS and STEADMAN, Associate Judges.

NEBEKER, Associate Judge:

This case presents the question of the adequacy of a criminal appellant's waiver of his right to appeal when the appellant moves to dismiss or withdraw an appeal.

Appellant Johnson was convicted by a jury of unlawful distribution of a controlled substance (phenmetrazine) in violation of D.C.Code § 33–541(a)(1) (1981). Judge Wertheim sentenced Johnson to a prison term of three to ten years to run concurrently with any other sentence.

Following his conviction, Johnson noted this appeal and attempted to pursue post-trial remedies to reduce his sentence in the trial court. The trial court denied Johnson's *pro se* motion to reduce sentence on the ground that it "lack[ed] jurisdiction by virtue of the Notice of Appeal filed on August 23, 1984." The trial court's law clerk sent Johnson a letter emphasizing that "Judge Wertheim has no jurisdiction to take any action in your case while it is under appeal to the Court of Appeals."

Meanwhile, Johnson's appointed counsel filed a brief in this court arguing that: (1) Johnson's conviction could not stand because the Uniform Controlled Substance Act is void; (2) the trial court erred by refusing to instruct the jury on a lesser included offense; and (3) the trial court erred by limiting cross-examination. Shortly thereafter, the United States filed its brief arguing for affirmance.

Following the submission of briefs, Johnson moved pursuant to D.C.App.R. 42(b) to dismiss his appeal. In a sworn statement filed with this court, Johnson said in part:

3. The issues which have been raised and or discussed do not, in my opinion, warrant further consideration by this Court.

4. I understand that if the Court grants my request to withdraw my appeal, such a termination will be final and with prejudice, and that I will have no further direct appellate remedy for my conviction.

5. I base my request to terminate my appeal on my view that no reversible error was present in the proceedings below and my desire to pursue my trial court remedies pursuant to Rule 35.

This court then issued an order in which it noted that contrary to Johnson's statement in paragraph 5, the trial court "has the power to entertain motions to reduce sentence during the pendency of an appeal from conviction, *see King v. United States*, 271 A.2d 556, 558–59 (D.C.1971)." Therefore we ordered the United States and requested the Public Defender Service (as *amicus curiae*) to file memoranda on the question whether there is in this case an adequate waiver of the right of appeal and if not what such a waiver should state when an appeal is voluntarily dismissed without decision on the merits.

Following our request for memoranda, there was a flurry of correspondence between the defendant and his counsel. Counsel explained in practical terms how an action on a Super.Ct.Crim.R. 35 motion could proceed without having to withdraw the appeal. Johnson has now submitted a new sworn affidavit in which he states in part:

1. I understand that I need not withdraw my appeal in order to file a Rule 35 motion to reduce my sentence with the trial court.

2. I understand that this Court may remand my appeal to the trial court for action on a Rule 35 motion to reduce. I understand that such a remand would permit me to continue to maintain my appeal and have the trial

court review my Rule 35 motion to reduce.

Although Johnson's initial request was apparently not "intelligent," having found that Johnson now fully understands his basic appellate rights and that he knowingly, intelligently, and freely decided to waive those rights, we grant his motion to dismiss.

## I

From paragraph 5 of Johnson's affidavit accompanying the motion to withdraw, it appears that Johnson was under the misimpression that he could not pursue his Rule 35 (correction or reduction of sentence) remedies without dismissing his appeal. It is well settled that the trial court has jurisdiction to entertain a Rule 35 motion despite the pending appeal. *King v. United States, supra,* 271 A.2d at 559. Further, if the trial court indicates its willingness to grant the motion, then this court would remand the case record for the trial court to grant the requested relief. *Smith v. Pollin,* 90 U.S.App.D.C. 178, 179, 194 F.2d 349, 350 (1952).[1]

## II

The Constitution does not grant appeals as of right to criminal defendants. *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *McKane v. Durston,* 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894). The right of appeal is statutory. D.C.Code § 11–721(b) (1981); *Hargett v. United States,* 380 A.2d 1005 (D.C.1977).

An appeal, when provided, must be in accord with due process and equal protection guarantees. Although counsel need not pursue every non-frivolous argument urged by the client, *Jones v. Barnes, supra; Streater v. United States,* 478 A.2d 1055, 1059 (D.C.1984) (Nebeker, J., concurring) counsel must at least provide effec-

tive assistance, *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Watson v. United States,* 508 A.2d 75 (D.C. 1986) (petition for rehearing en banc pending); and counsel must also be an advocate for the defendant and not a "friend of the court." *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

We have not previously enunciated the standard for measuring the adequacy of the waiver of appellate rights to warrant the granting by us of a motion to dismiss or withdraw a pending appeal. By way of helpful analogy, we note that before a guilty plea can be accepted, the trial judge must determine whether it was given knowingly and voluntarily. *Carmichael v. United States,* 479 A.2d 325, 327 (D.C. 1984). Although the trial judge is not required to explain all collateral consequences of the plea, *Bettis v. United States,* 325 A.2d 190, 194 (D.C.1974), a guilty plea cannot be accepted if the accused is unaware of its conclusivity on the proceeding. *Coleman v. Burnett,* 155 U.S. App.D.C. 302, 309, 477 F.2d 1187, 1194 (1973); *cf. Hill v. Lockhart,* — U.S. —, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) (the Constitution does not require the defendant to be furnished with information about parole eligibility before accepting his guilty plea).

Before the trial court can accept the waiver of the right to counsel, a penetrating and comprehensive examination of all the circumstances is necessary to ensure that the defendant has made a knowing, intelligent and voluntary decision. *Fowler v. United States,* 411 A.2d 618, 623 (D.C. 1980); *Hsu v. United States,* 392 A.2d 972, 983 (D.C.1978); *see also Harris v. Riddle,* 551 F.2d 936, 938 (4th Cir.1977) (the police do not have the burden of explaining the rules of evidence and substantive criminal law to a defendant who misapprehends the law in the *Miranda* context), cited in *State v. Norfolk,* 221 Neb. 810, 818–19, 381

---

1. In fact, on April 8, 1986, following an indication by the trial court of its inclination to grant the motion to reduce sentence, we deemed the record remanded to permit the trial court to do so.

N.W.2d 120, 127 (1986) (defendant not required to possess an *actual* understanding of the consequences of a *Miranda* waiver).

Where a defendant attempts to waive a jury trial, we require an on-the-record inquiry of the defendant by the trial court, accompanied by a written statement signed by the defendant. *Jackson v. United States*, 262 A.2d 106, 109 (D.C.1970); Super.Ct.Crim.R. 23(a). The statement should acknowledge that the defendant understands the nature of the right to a jury trial and that he chooses to waive that right. *Hawkins v. United States*, 385 A.2d 744, 747 (D.C.1978).

The standard for determining the waiver of certain constitutional rights is governed by the provisions of *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), which require "an intentional relinquishment or abandonment of a known right or privilege." *Id.* at 464, 58 S.Ct. at 1023. Other constitutional rights can be waived without knowledge, without counsel or without elaborate personal inquiries. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *Chaconas v. United States*, 326 A.2d 792 (D.C. 1974) (search and seizure).

For purposes of the deliberate "bypass" doctrine, the Supreme Court has suggested that waivers of appellate rights must come from the defendant personally and should be in accord with *Johnson v. Zerbst, supra. See Wainwright v. Sykes*, 433 U.S. 72, 92, 97 S.Ct. 2497, 2509, 53 L.Ed.2d 594 (1977) (Burger, C.J., concurring); *Fay v. Noia*, 372 U.S. 391, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963) (the decision to forego an appeal belongs to the defendant and may be investigated independently by the federal court on habeas corpus).

Similarly, federal courts have decided the question of the adequacy of the waiver of an appeal in light of *Johnson v. Zerbst, supra*, requiring a knowing and intelligent decision by the defendant personally. *See Collier v. Estelle*, 506 F.2d 22, 23–24 (5th Cir.1975) (the waiver of the fundamental right to appeal requires knowing and intelligent participation by the defendant); *United States ex. rel. Boyd v. Rundle*, 437 F.2d 405, 406 (3d Cir.1970) (there is no basis for habeas corpus relief where the decision to forego the appeal was knowing and voluntary).

Moreover, state jurisdictions also follow *Zerbst* by requiring the waiver of appellate rights to be voluntary, knowing and intelligent. *See Commonwealth v. Martin*, 346 Pa.Super. 129, 134–35, 499 A.2d 344, 347 (1985) (an effective waiver of appellate rights must be an intentional relinquishment of a known right); *People v. Charles*, 171 Cal.App.3d 552, 563, 217 Cal.Rptr. 402, 409 (1985) (criminal defendant may waive statutory right to appeal as long as the record reflects that the waiver was free, knowing and intelligent). *Compare People v. Jandrew*, 101 A.D.2d 90, 92, 475 N.Y. S.2d 906, 907 (1984) (statutory appellate review rights may be waived *without* specifically enumerating them as long as the waiver is knowing, intelligent and voluntary) (emphasis added); *with Commonwealth v. Maloy*, 438 Pa. 261, 263, 264 A.2d 697, 698 (1970) (an effective waiver of the right to appeal requires the accused to be aware of *all* of his appellate rights) (emphasis added).

 In light of the state of the law, prudence dictates adoption of the *Zerbst* standard in ruling on the adequacy of waivers submitted to us in support of motions to dismiss. (We leave for another day any definitive determination of the adequacy of waiver of appeal rights in this jurisdiction where subsequently challenged in collateral attack or otherwise.)

There is also the issue of what quality and quantity of knowledge is required. We note that in the context of guilty pleas, the defendant need only be apprised of the substance of the offense charged. *McClurkin v. United States*, 472 A.2d 1348, 1356 (D.C.1984). Where the defendant wishes to proceed *pro se*, we require the defendant to be made aware of the consequences of his intended actions.

*Fowler v. United States, supra,* 411 A.2d at 623. And where the defendant wants to waive a jury trial, we only require that he understand the nature of the right to a jury. *Hawkins v. United States, supra,* 385 A.2d at 747.

Similarly, in the context of appellate waivers, we hold that the appellant need only be made generally aware of his right to appeal and the potential remedies. For example, he should be informed that he need not withdraw his appeal in order to pursue various relief in the trial court. Further, he should be instructed that if he is successful on his appeal, this may result in a dismissal of the charges, an acquittal, or a new trial, a hearing or resentencing. Each potential remedy will depend on the nature of the issues if successfully raised. Although it is important that the appellant have a practical understanding of the appellate process, we find no reason to require the defendant to have a lawyer-like understanding of relevant law and appellate procedure, and therefore we do not require that the appellant enumerate specific issues he abandons when he withdraws his appeal.

■ Because of the nature of appellate practice, we cannot conduct the direct inquiry to secure waivers contemplated by Super.Ct.Crim.R. 11 (pleas of guilty). Our assurance that the defendant has made an intelligent, knowing and voluntary decision to waive his appeal will be based on his signed statement that he knows of the appeal right, has discussed with counsel the possible issues he can raise and the possible remedies, and notwithstanding that he has freely decided to dismiss the appeal he previously noted.[2]

### III

■ In turning to the waiver in this case, Johnson's initial request for withdrawal was unclear and exhibited a misunderstanding of the relationship of his appeal to his desire to file a motion in the trial court to modify his sentence. Because of this misimpression, he might have been able to repudiate it later. The question remains whether his subsequent submission constitutes an adequate waiver.

We conclude that his earlier misimpression has been sufficiently dispelled when counsel and Johnson exchanged letters and phone calls explaining how the Rule 35 motion could be considered without having to withdraw his appeal. This conclusion is supported by the affidavit that Johnson submitted to the court on June 10, 1986. The two affidavits together now make clear that Johnson still waives his appellate rights.

■ The waiver standard according to *Johnson v. Zerbst,* requires that Johnson be informed of his rights by counsel, that he understands the rights being waived and decides deliberately of his own free will to waive them. We decline to fashion a formulaic waiver statement applicable to all of the varied criminal appeals, both direct and collateral. We also decline to require that the appellant receive a short course on criminal law and appellate advocacy. Instead we take this opportunity to inform the Bar that after notice of appeal has been filed with this court, a motion by appellant to withdraw or dismiss should, to comply with the *Zerbst* standards, reveal knowledge of the appeal right, advice of counsel on possible successful issues to be raised, if any, attendant remedies, if any, and a freely given waiver of them. And finally, the motion should be accompanied by a statement signed by the appellant.[3]

The appeal is hereby dismissed.

---

**2.** We do not decide anything respecting the failure to timely note an appeal. That jurisdictional issue is a separate one. Of course, waiver of appeal by a decision not to file a notice of appeal should be guided by this decision, and in such an event counsel should keep appropriate records of the waiver.

**3.** Of course, counsel is expected to keep records of the nature and scope of the advice given to inform the waiver.