**Richard P. DANIELS, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 93–CF–728.

District of Columbia Court of Appeals.

Argued April 22, 1997.
Decided May 15, 1997.

---

Barry Coburn, for appellant.

Chrisellen R. Kolb, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney, and John R. Fisher, Thomas C. Black, Patricia Stewart, and Maureen M. Bailey, Assistant United States Attorneys, were on the brief, for appellee.

Before SCHWELB, FARRELL, and REID, Associate Judges.

FARRELL, Associate Judge:

Appellant was found guilty by a jury of multiple counts of first degree burglary while armed, rape while armed, armed robbery, kidnapping while armed, assault with intent to commit robbery while armed, and sodomy. The charges arose from assaults that appellant committed upon four women between September 1989 and March 1991. Appellant filed a timely notice of appeal, but on September 29, 1995, this court granted his motion to dismiss the appeal after determining that the motion and accompanying representations conformed to the requirements of *Johnson v. United States*, 513 A.2d 798, 803 (D.C.1986). Then, eight months later, appellant moved to vacate the order dismissing the appeal, contending that he lacked the mental capacity to effect a knowing, voluntary, and intelligent waiver of his right to appeal. *See id.* at 802 (adopting waiver standard of *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), for voluntary dismissal of appeal). After the government opposed the motion, we ordered supplemental briefing. In his supplemental brief and at oral argument, appellant's counsel clarified that he does not seek immediate reinstatement of the dismissed appeal, but rather a court-ordered psychiatric examination to aid the court in determining the merits of appellant's claim of mental incapacity.

In the circumstances of this case, we reject that application. Appellant has alleged neither that his attorney rendered ineffective assistance of counsel at the time of the motion to dismiss, nor that new facts have come to light not then known or reasonably knowable to the attorney which bear upon appellant's competency to waive his appeal right. Indeed, our examination of the record reveals nothing that would have supported a suggestion to the court by counsel at the time that appellant was unable to voluntarily waive his right to appeal. Appellant's defense at trial, which the jury rejected, was insanity. As the government points out, however, appellant was repeatedly certified to be competent to stand trial on the charges, and there is no record indication that his asserted insanity or sexual compulsions later impaired his "ability to understand the proceedings" surrounding waiver of his appeal right. *Godinez v. Moran*, 509 U.S. 389, 401 n. 12, 113 S.Ct. 2680, 2687 n. 12, 125 L.Ed.2d 321 (1993). The fact that appellant was currently imprisoned on sentences in Virginia totalling eighteen terms of life plus 220 years provided a reasonable incentive for him to forgo further challenge to the District of Columbia charges and convictions.

At oral argument counsel for appellant was candid in acknowledging that his request for a psychiatric examination rests upon appellant's naked assertion that he lacked the capacity to appreciate the significance of voluntarily dismissing his appeal. That will not do. In *Johnson, supra,* although the court declined "to fashion a formulaic waiver statement applicable to all of the varied criminal appeals," we stated:

> after notice of appeal has been filed with this court, a motion by appellant to withdraw or dismiss should, to comply with the *Zerbst* standards, reveal knowledge of the appeal right [by the appellant], advice of counsel on possible successful issues to be raised, if any, attendant remedies, if any, and a freely given waiver of them. And

finally, the motion should be accompanied by a statement signed by the appellant.

513 A.2d at 803 (footnote omitted). It is undisputed that these requirements were met in this case and that appellant's waiver was "freely given" on its face. To permit later reinstatement of the appeal, or ancillary relief of the sort appellant requests, upon a convicted person's bare assertion that he was not competent to withdraw the appeal would render the *Johnson* procedures and the finality they were meant to insure entirely meaningless.

Accordingly, the motion to vacate the previous order of dismissal, or for alternative relief in the form of a psychiatric examination, is

*Denied.*